Wash, J.,
delivered the opinion of the Court.
An application was made by Corlew to the County Court of Boone, to.allow an account against the county of Boone for the sum of seven dollars, money improperly paid by him as Constable into the county-; treasury, &c. The County Court overruled the motion. Corlew excepted to the opinion of the Court, and spread the evidence on the record.. An appeal was also prayed for and granted to the Circuit Court. At the February term of the Boone Circuit Court, 1830,. as appears from.the record, the cause came on to be argued -in that Court, both parties appearing and consenting thereto, when the Circuit Court adjudged and directed the County Court to allow the account, as the-money, was improperly paid by Corlew, into the county treasury, under a statute that was and'/is unconstitutional. And that said Córlew has adegal right properly recoverable in an action for money, had-1 and received to his use from said county: and that his costs in both. Courts be also allowed and paid by said County Court. To reverse this decision of the Circuit Court, the-plaintiffs have come into this Court. Four errors have been assigned. The three first amount to nothing more than a general assignment, except that in the-third, the mandamus is pointed out as the proper remedy.. The fourth error assigned-. is, that it appears from the said record and proceeding, that an appeal from said-County Court to the said Circuit Court, would not, by the law of the land, lie.
The points made .and relied.on by the -Attorney General in behalf of the county, are, first, that the consent of the County Court only extended to'asking the opinion of the Circuit Court as to matters of law, and did- not authorize it to make any order. Second. That the evidence was insufficient to justify, the County Court in allowing the account. Third. .That there was no sufficient appeal, there being no affidavit. Fourth, That the law does not authorize an appeal in this- case. Without regard to the order in which the points have been presented, we will first consider the third and fourth points. The 8th section of the 5th article of our State Constitution provides, that the Circuit Court shall exercise a superintending control over such inferior, tribunals as the General. Assembly may .establish.. The County Court. *11 is one of the inferior tribunals established by the Legislature 5.1 and by the fourth section of K An act to establish Courts of Justice) and to prescribe their powers and duties,” approved January 7th, 1825, Rev. Code, p. 269, it is expressly provided that the Circuit Courts shall exercise appellate jurisdiction from the judgments and orders - of the said inferior tribunals, in all cases not expressly prohibited by law, and shall-' possess a superintending control over them. It is not pretended that there exists any law prohibiting the exercise of the appellate jurisdiction of, the Circuit Court in this case. The County Court, by the Constitution, and act of Assembly above cited, is subject to the supervision and control of the Circuit Court. Whether the appellate jurisdiction and controlling.power of the Circuit Court .is to be.exercised by appeal, writ of error, mandamus, or some other process, need not be here discussed. The Circuit Court had jurisdiction of the subject matter, and that is all that need.be settled. Wo particular mode of reviewing and-correcting the; judgments and- orders of the County Court is prescribed. In this case the parties, by consenting to appear and submit themselves to the judgment of the Circuit Court, have waived all objections to the want of form or regularity in the appeal. And it may be proper to state, that no objection is perceived to the exercise of the appellate power of the Circuit Court by appeals regularly taken. As to the first point raised, it is stated in the record of the Circuit' Court, that this cause came on to be argued in this . Court, both parties appearing, and it appeared that the original cause, and the decision of the County Court therein, being certified-up to this Court by the consent of both parties, for the opinion of this Court'upon the law arising from the facts, whereupon, Ac.. In a cause thus submitted) the power of the Circuit Court was precisely what it would have been had the cause come up in due form of law. Its province was to look into the whole matter, and to-correct and control the order of the County Court Whether the evidence before that'Court, as preserved by the bill of exceptions, was or was not sufficient to authorize them to allow the account, need not he determined. It was perfectly competent for the parties before the Circuit Court, (and it is, indeed1, the constant practice in appeals to do so,) to enter into the trial de novo.
There is nothing in the-record'to show that they did not, or that they were confined to the evidence which had been taken in the County Court. What were the facts proven or admitted in the Circuit Court, does not appear, and we are bound toi conclude that the Circuit Court decided correctly, since there is nothing upon the record to show that it decided incorrectly. This view of the subject disposes of the;second point raised.
The judgment of the Circuit Court is therefore affirmed, with coats.