FRANSE, Plaintiff in Error, v. OWENS *et al.*, Defendants in Error.

1. Where an action is commenced in a justice's court by process, it is not necessary that a confession of judgment should be in writing.

2. Where a defendant in a justice's court appears at the return day of process and confesses a judgment, and an entry of such confession is made upon the justice's docket, an execution may lawfully issue, although no entry is made upon the docket of a judgment upon the confession.

3. Where a defendant in a suit before a justice's court is served with process in the township in which the suit is begun, it will be presumed, in the absence

25 329
51a 476
25 329
74a 211
25 329
146 152
25 329
84a 255

of evidence to the contrary, that he resides in such township; the return of a constable of such township on an execution directed to him of "no property found of defendant in said township whereof to levy," is sufficient to warrant the issuing of an execution from the office of the clerk of the circuit court.

4. An authentication of a transcript of a judgment by a justice of the peace in the following form: "I certify that the foregoing contains an entry made on my docket. [Signed] A. B., J. P.," is sufficient.

### Error to Cass Circuit Court.

This was a suit to set aside a conveyance made by one Mead of a tract of forty acres of land, dated September 20th, 1852, on the ground that it was a voluntary conveyance, and made to defraud the creditors of said Mead, of whom one Fonda was one. Plaintiff claimed title as a purchaser at sheriff's sale under an execution issued from the office of the clerk of the Cass Circuit Court, upon a transcript of a judgment of a justice of the peace of Cass county, in favor of Abram Fonda. The said execution was issued November 24th, 1854. The plaintiff received a deed from the sheriff. At the trial the plaintiff, Franse, offered in evidence a certified copy of the transcript of a judgment against said Daniel Mead, in favor of Abram Fonda, rendered by a justice of the peace in Cass county, and filed in the office of the clerk of the Circuit Court of Cass county, February 23, 1854. This transcript is as follows:

"Abram Fonda v. Daniel Mead and W. G. Gardiner. Debt, $30; damages, $5.90; justice, 75 cents; constable, 50 cents. In justice's court. Action on note of hand and reads thus: 'October 6, 1849. Twelve months after date, we promise to pay to the order of Abram Fonda $57.49, without defalcation or discount. [Signed] Daniel Mead, W. G. Gardiner.' The above note credited Oct. 4th, 1850, by $22.50; do. December 18, 1851, by $5.90. Summons issued 27th day of July, 1853; returned 6th August, 1853; Elijah Owens deputised to execute and return said writ. August 6th, 1853—summons returned executed by reading the same to Daniel Mead, in Mount Pleasant township; and the said

Daniel Mead appeared and confessed judgment on said note for the sum of $30 debt and $5.90 damages—one dollar cost. [Signed] Hiram Stephens, J. P.

" Issued execution August 6th, 1853—and given to S. L. McGuire, constable of Mount Pleasant township, returnable in sixty days from the date. This execution returned with 'no property found belonging to defendant to levy the same in Mount Pleasant township. S. L. McGuire, constable. Mount Pleasant township, this 6th October, 1853.

" I certify that the foregoing contains an entry made on my docket. February 23, 1854. [Signed] Hiram Stephens, J. P.

" [Endorsed.] The foregoing transcript was filed and recorded on the 23d day of February, 1854. [Signed] H. Finney, clerk.

" State of Missouri, county of Cass, ss. I, Hamilton Finney, clerk of the Cass Circuit Court, do hereby certify, that the foregoing is a full, true, and perfect copy of the transcript filed in my office, in the above entitled cause, wherein Abram Fonda is plaintiff, and Daniel Mead and W. G. Gardiner are defendants. In testimony whereof, &c. [Signed] Hamilton Finney, clerk. (Seal.)"

The court, on the objection of defendants, ruled out the said transcript ; whereupon the plaintiff took a nonsuit with leave to move to set the same aside. A motion to set aside the nonsuit was overruled.

*Peyton* and *Napton*, for plaintiff in error.

I. Both the certified copy and the original transcript offered in evidence show that the justice had jurisdiction of the subject matter and person of defendant. The action against Mead was commenced by process ; the same was served upon him ; he appeared and confessed judgment ; an entry of the confession is made on the docket, and though no entry of judgment was rendered by the justice upon the confession, yet the court will give the force and effect of one to the confession so soon as the same is entered on the docket of the

justice. (Davis v. Wood, 7 Mo. 162; Rutherford v. Winn, 3 Mo. 14; Chamberlain & Churchill, v. Mammoth Mining Co. 20 Mo. 96.) The justice had the statutory right to empower a person other than the constable to serve process upon defendant; nor is it necessary that the justice should state upon his docket that this was done at the "request and risk" of plaintiff. The transcript shows that the person who executed the writ upon defendant was authorized to do so by the justice, and this is all that it is needful to show. Again, it will be seen from the transcript that the demand of Fonda, the plaintiff, was filed with the justice, and that a summons issued thereon against Mead to answer the complaint of plaintiff, and this, it is contended, is of itself directly within the meaning of this law the commencement of an action by process; and if Mead, without any service whatever, had voluntarily appeared to the writs and made oral confession of judgment, the same would have been good. In this case service was had and by a person to whom the law gave all the authority of a constable. (R. C. 1845, tit. Justices' Courts, art. 2, sec, 17; 6 Mo. 57.)

II. The transcript should have been admitted as evidence in the Circuit Court, first, to show a judgment before the justice, and then that an execution was issued by the justice and returned that defendant had no property whereof to levy. The transcript showed both these facts, and ought to have been read as evidence. The return of the sheriff is sufficient and shows a full compliance with the law. The statute in no case requires that the execution issued by the justice shall be executed throughout the county before one can be issued on the transcript in the clerk's office. A constable has no right to levy an execution in any part of the county; certainly it is not his duty to do so, save only in the cases pointed out in the statute. The first is where the defendant resides out of the township where judgment was rendered; second, where he has goods and chattels out of the same, but in a different township; and, third, when there are several defendants residing in different townships. In these cases, and

only then by the consent and at the option of plaintiff may he execute the writ in any part of the county. In all other cases the constable is not bound to go out of the township. If the return is insufficient, it was the duty of defendant to have appeared at the return day of the writ and made his motion to quash the same; failing, and not even now complaining, strangers to the judgment will not be allowed to avoid the sale and whole proceedings under the transcript on account of any irregularity in the return of the constable. If the return of the constable be wholly illegal, yet the transcript ought still to have been admitted as evidence in order to show the rendering of a judgment. The plaintiff might then prove that another execution issued and was properly returned. (Crowley v. Wallace, 12 Mo. 143; R. C. 1845, tit. Justices' Courts, art. 7, sec. 6; R. C. 1845, tit. Justices' Courts, art. 6, sec. 18; Coonce v. Munday, 3 Mo. 265.)

III. The certificate put by the justice to the transcript is a good one. The justice at the bottom of the transcript certifies that the "foregoing contains an entry made on my docket." The court will have regard to the substance and meaning of the certificate and not the mere technical form; the one appearing to the transcript means that the whole statement above it is a copy of an entry in his docket. At any rate the justice certifies that the "foregoing" contains an entry made on his docket, and upon looking at the transcript we find an entry to which this court will give the force and effect of a judgment. The statute only requires that the justice should give a certified transcript of the judgment and nothing else. It is very plain however that the justice in his certificate treats the whole transcript as one entry—means to and does certify that every part of the same is copied from the docket. It is submitted the certificate is good. (Lee's Adm'r v. Lee, 21 Mo. 531; Gipson v. Allen, 10 Mo. 303; R. C. 1845, tit. Justices' Courts, art. 6, sec. 17.)

*Sheley*, for defendants in error.

In this case the justice's execution was issued to the constable of the township in which the defendant was served.

22—VOL. XXV.

In such cases the execution was co-extensive with the county, and the return must show that there were no goods or chattels of the defendant in the county; but the return is confined to the township, and for aught that appears the defendant had ample means in the county; the court therefore properly rejected the transcript. (R. C. 1845, p. 660–1, secs. 3–6; Coonce v. Munday, 3 Mo. 264.)

II. The transcript shows no judgment. It only shows that the defendant made his voluntary appearance after process was issued and confessed the debt, but there was no entry of judgment by the justice.

III. The justice's certificate to the transcript was insufficient. He ought to have certified the transcript was a true copy of the judgment in the case referred to.

SCOTT, Judge, delivered the opinion of the court.

In justices' courts, where the action is commenced by process, it is not necessary that a confession of judgment should be in writing, signed by the defendant and filed by the justice. The statutory provision on this subject is explicit. In proceedings in justices' courts forms are disregarded, and it is not expected that entries should be made with the accuracy and precision which are required in recording the acts of courts of record. In the case of Rutherford v. Winn, 3 Mo. 12, this court disregarded the objection that no judgment was entered on a verdict rendered in a justice's court. We see no distinction between that case and one where no formal judgment is entered on a confession. The defendant appeared at the return day of the process and confessed a judgment for specific sums for debt, damages and costs. This was sufficient whereon to issue an execution.

The statute authorizing the transcript of a justice's judgment to be filed in the office of the clerk of the Circuit Court only requires the execution to be issued by the justice to be directed to the constable of the township in which the defendant resides. The defendant was served with process in the township in which the suit was begun, and in the absence of

all evidence to the contrary we must regard that as his place of residence. There is nothing in the record showing that an execution out of the township would have been available. We are therefore of the opinion that the return of the constable on the execution, that there were no goods nor chattels of the defendant whereof to levy the same in the township to which the writ was directed, was sufficient to warrant an execution from the circuit court clerk's office, and that it was not necessary that the return should show that there were no goods or chattels of the defendant in the county whereof a levy might be made.

We are of the opinion that there is no weight in the objection to the authentication of the justice's transcript. The following is the act of authentication: " I certify that the foregoing contains an entry made on my docket." This certificate is made to a copy of the judgment and the subsequent proceedings thereon. The statute does not require that a full and perfect record of the proceedings in the justice's court should be filed in the office of the clerk of the circuit court; " a transcript of the judgment" is all that is exacted. We see from the paper that it is in the usual form of transcripts made by justices. It is a transcript of the judgment, and the thing itself being seen, we do not understand why it should be rejected as evidence because the justice in certifying it has failed to term it a " transcript." The withholding of all power from justices of the peace to interfere with their records when once made up may have been the reason that the legislature deemed a transcript of the judgment a sufficient foundation for an execution. Reversed and remanded ; Judge Ryland concurring ; Judge Leonard absent.