### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

### JULY TERM, 1858, AT JEFFERSON CITY.

MORSE, Respondent, v. BROWNFIELD, Appellant.

1. The technical rules of practice are not applicable to proceedings before justices of the peace.
2. Where in the trial, before a justice of the peace, of an issue raised by an interplea in an attachment suit, the justice entered on his docket the verdict of the jury but omitted to render judgment on it, and the interpleader appealed to the circuit court, where the appeal was dismissed for want of a judgment by the justice; *held,* that such dismissal was improper.

*Appeal from Pulaski Circuit Court.*

*Mitchell & Wingo,* for appellant, cited Franse v. Owens, 25 Mo. 329; Rutherford v. Wimer, 3 Mo. 12.

RICHARDSON, Judge, delivered the opinion of the court.

The history of this controversy is so briefly narrated in the record that it is impossible to see its real merits. It appears however that it is a suit by attachment commenced before a justice of the peace, and that the main issue was made by

the interplea of Brownfield, who claimed the property in the hands of the garnishee. The issue was tried by a jury, who found against the claim, and thereupon the interpleader appealed to the circuit court. The verdict was entered by the justice on his docket, but he omitted to render judgment on it, and for that reason the appeal was dismissed.

It would be unwise and unsafe to apply technical rules to proceedings in justices' courts, and therefore forms are disregarded when it can be seen that the law has been substantially observed.

A justice of the peace is required to enter the verdict of a jury on his docket and to render judgment accordingly; and, having no control over verdicts and no discretion to exercise on the subject, the duty of giving judgment on a verdict is peremptory and ministerial in its character. It has therefore been decided that the effect of a formal judgment ought to be given to a verdict as soon as it is entered on a justice's docket. (Rutherford v. Wimer, 3 Mo. 12; Franse v. Owens, 25 Mo. 329.)

The other judges concurring, the judgment will be reversed and the cause remanded.