ADAM BRENNAN, Respondent, v. BARTHOLOMEW O'DRISCOLL, Appellant.

*Practice—Record.*—The record of the proceedings in cases of interpleader upon attachment should be kept distinct from the record of the proceedings in the attachment.

*Error to Buchanan Common Pleas Court.*

*Ensworth*, for appellant.

*H. M. & A. H. Vories*, for respondent.

In this case are interpleas by Bridgett Ann O'Driscoll, by Bartholomew O'Driscoll and Elizabeth O'Driscoll, his wife,

in right of the wife, and Bartholomew O'Driscoll, claiming to be administrator of Eliza O'Driscoll, deceased.

BATES, Judge, delivered the opinion of the court.

This is a strange record.   The clerk of the court below has consolidated his entries so as to produce great confusion.

Brennan sued Bartholomew O'Driscoll by attachment, and a negro slave was seized by the sheriff as the property of Bartholomew O'Driscoll.

Bridgett Ann O'Driscoll filed an interplea, claiming the slave.   Bartholomew O'Driscoll and his wife filed another interplea, claiming the slave as the property of the wife ; and Bartholomew O'Driscoll, as administrator of Eliza O'Driscoll, filed another interplea, claiming the slave as belonging to him as administrator of the estate of Eliza O'Driscoll. The plaintiff filed a motion as to each of the interpleas, to strike it from the records of the cause.   Then follows this entry :

" Adam Brenner v. Bartholomew O'Driscoll.—Petition. Come now said parties by counsel, and the court being well advised in the premises, sustains motion to strike out the interplea of Bartholomew O'Driscoll, administrator, &c., Bartholomew O'Driscoll and wife, and of Bridgett O'Driscoll, filed herein.

" Judgment was given in the attachment suit for the plaintiff, with award of execution against the slave attached.

" No judgment appears to have been entered as to any one of the interpleas.

" Separate bills of exceptions were tendered by the different interpleas and signed."

Then appears also this entry :

" Adam Brenner v. Bartholomew O'Driscoll.—Petition. Come now Bartholomew O'Driscoll and wife, and Bridgett O'Driscoll, and file their affidavit for an appeal to the Supreme Court of this State, and also their appeal bond, which said bond is approved by the court and appeal granted."

Separate affidavits and bonds were filed by the interplead-

ers, Bridgett Ann O'Driscoll and Bartholomew O'Driscoll and wife, which have reference only to supposed judgments upon the interpleas.

All this matter is sent up to this court in one transcript of the record.

If the appeal be considered as taken from the judgment in the attachment case, then the parties praying the appeal and to whom it was granted had no right to such appeal, because they were not parties to the suit, and the appeal must be dismissed.

If the appeal be considered as taken from the supposed judgments on the interpleas, then it (or they) must be dismissed, because there are no final judgments as to the interpleas to warrant appeals.

It is hoped that if any further proceedings are had in these cases, that the record of each interplea will be kept distinct from the others.

Appeal dismissed.    Judges Bay and Dryden concur.