W. B. HAZELTINE, Respondent, *v.* GUSTAVE REUSCH, Appellant.

1. *Justice's Court — Judgment — Appeal, etc.* — The failure of a justice to enter up a formal judgment on a verdict will not prevent an appeal to the Circuit Court. The effect of such judgment should be given to the verdict as soon as entered on the docket.
2. *Injunction — Technical errors, release of.* — Whatever technical errors may exist in proceedings that are prayed to be enjoined are released by the injunction. (Wagn. Stat. 1030, § 10.)

*Appeal from Warren Circuit Court.*

*Rosenberger & Diggs*, for appellant.

*Morsey, Orrick & Emmons*, for respondent, cited 27 Mo. 224, and 39 Mo. 120.

WAGNER, Judge, delivered the opinion of the court.

This appeal is prosecuted from a judgment of the court below dissolving a temporary injunction. It appears from the record that the plaintiff sued the defendant before a justice of the peace, and on a trial before a jury a verdict was rendered in the defendant's favor. On the same day the plaintiff filed his affidavit and bond, and perfected his appeal to the Circuit Court.

The justice failed to send up the transcript in time for a trial at the next term of the Circuit Court, after the proceedings were had before him, but it was filed in time for a hearing at the next succeeding term. When the case was reached on the docket the defendant made no appearance, and the plaintiff had judgment. Subsequently an execution was issued, and the defendant presented his petition to the judge of the Circuit Court, seeking to enjoin the collection of the money. A temporary restraining order was granted, but, upon a final hearing, it was dissolved.

Several questions are raised here, but they are technical in their character and have little merit.

It is contended that because the justice did not enter up a formal judgment on the verdict, therefore no appeal would lie. But this court has never applied the precise and rigid rules of practice to proceedings before justices of the peace. The justice has not the

discretionary control over verdicts, possessed by a court of record, and he is required to enter the verdict of the jury on his docket, and give judgment accordingly; and it has therefore been decided that the effect of a formal judgment ought to be given to a verdict as soon as it is entered on a justice's docket. (Rutherford v. Wimer, 3 Mo. 12; Franse v. Owens, 25 Mo. 329; Morse v. Brownfield, 27 Mo. 224.)

Again, it is said that there was nothing to show that the Circuit Court had jurisdiction at the time it gave the judgment. When this petition was heard it seems that the papers could not be found, but it was conclusively proven that when the trial was had in the Circuit Court, and the judgment rendered, the affidavit and the appeal bond were both among the papers in the clerk's office. Moreover, the defendant did not show any equitable claim to relief. No evidence was introduced to show that the judgment was unjust, or that he did not owe the debt. Whatever technical errors may have existed in the proceedings that were prayed to be enjoined, were released by the injunction. (Wagn. Stat. 1030, § 10.)

Wherefore it results that the judgment must be affirmed. Judge Adams concurs. Judge Bliss absent.