————o————

SAMUEL MUNDAY, Respondent, *vs.* DAVID CLEMENTS, Appellant.

58  577
61a 290

58  577
74a 211

58  577
84a 255

1. *Justice's Court—Appeal from verdict in, no ground for dismissal.*—In justices' courts a verdict is equivalent to a judgment, and an appeal taken from a verdict instead of a judgment in such court, although not a literal, is a substantial compliance with the law, and will not be dismissed on account of such technical irregularity.

2. *Assignment of notes—Off-set against before notice of assignment.*—Under the statute relating to set-off, (Wagn. Stat., 1274, § 2) the assignment of a note after maturity, cannot defeat a just defense or off-set existing in favor of the maker and against the assignor, before notice of assignment.

*Appeal from Lawrence Circuit Court.*

*Henry Brumback*, for Appellant, referred in argument to Gen. Stat., 1865, ch. 148, § 2 ; Stewart vs. Anderson, 6 Conn., 203 ; Follet vs. Buyer, 4 Ohio St., 586.

*Bray & Teel*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced before a justice of the peace on a promissory note, for the sum of seventy-five dollars.

Defendant filed a note in off-set in the Justice's Court and had a verdict in his favor; whereupon plaintiff appealed to the Circuit Court, and on a trial in that court there was a verdict and judgment in his behalf. In the Circuit Court defendant moved to dismiss the appeal from the Justice's Court because there was no final judgment from which an appeal could be taken, and because the affidavit was defective.

Both of these motions were overruled. It is now insisted that this ruling of the court was erroneous, but we are not of that opinion. The record shows a verdict of a jury in the Justice's Court, but no formal judgment was entered thereon. But it has been held from the earliest period in this State, that such failure to enter judgment on the part of the justice will not prevent an appeal to the Circuit Court. (Hazeltine vs. Rensch, 51 Mo. 50 and cases cited.) There is no merit in the objection that the affidavit was not sufficient to warrant an appeal. The affidavit is not copied into the record, but the point raised is that the affidavit stated that the appeal was taken from the verdict and not the judgment of the court. This was not a literal, but was a substantial compliance with the law. The appeal should be from the judgment, but in Justices' Courts the verdict is equivalent to a judgment, and in cases arising before justices of the peace, we will not turn parties out of court on such technicalities.

The case shows that this suit was brought on an overdue negotiable promissory note, and the only question was as to whether the defendant was entitled to have a note allowed as an off set against one of the intermediate owners of the note sued on.

It seems that the note was made by the defendant on the 10th day of October, 1871, payable to one Runyan, and due five days after date. It was assigned to Thornton on the 26th day of the same month, and immediately thereafter assigned by Thornton to J. H. Munday, Sr.

Plaintiff's evidence shows that in October or November, 1871, John H. Munday, Sr., received the note from Thornton, who was then the owner of it, as collateral security, and that he continued to hold it till January, 29, 1872, and that on that day, Thornton and John H. Munday, Jr., were talking about making a trade for the note, and that the latter was going to let his father have the note for a debt he owed him; that about the same time he delivered the note to John H. Munday, Jr., upon Thornton's written order.

The plaintiff testified that about the 29th day of January, 1872, the same day on which the trade was made between Thornton and Munday, Jr., he received the note from the latter in payment of an account he owed him, which was more than the amount of the note.

The defendant testified that sometime in February, 1872, John H. Munday, Jr., told him he had the note sued on, and asked him for the money; that he then bought a note against John H. Munday, Jr., which was the note filed as a set-off and that sometime afterwards he saw Munday, Jr., and asked him if he still had the note, and that he replied that he had; that defendant then told him that he had bought a note against him and would let him have that and in a short time pay him the balance in money, and that he made no reply; that he was not notified that plaintiff owned the note till a short time before the suit was brought.

Another witness testified that some time either in January or February, 1872, Munday, Jr., offered to trade the note for cattle. This was all the evidence and the court found for the plaintiff.

Plaintiff asked for no instructions, but the defendant asked for one which was refused, and that refusal constitutes the main question in the case. The instruction is badly drawn and not very intelligible, but the proposition intended to be asserted by it is, that if J. H. Munday, Jr., became the holder of the note after it had matured, and the defendant as maker thereof purchased the note pleaded as an off-set against J. H. Munday, Jr., before

he was notified that plaintiff had become the assignee of the note sued on, then the note held and owned by defendant against J. H. Munday, Jr., was properly pleaded, and should be allowed as an off-set against plaintiff's demand.

What effect is to be given to the weight of the testimony and whether John H. Munday, Jr., was the holder or owner of the note, at the time he applied to defendant for payment, are questions purely of fact, exclusively for the determination of the jury. But if the refused instruction announced a correct principle of law, then the judgment cannot be permitted to stand.

The statute on the subject of set-offs, declares, that in actions on assigned accounts and non-negotiable instruments, the defendant shall be allowed every just set-off or other defense which existed in his favor at the time he is notified of such assignment. (2 Wagn. Stat., p. 1274, § 2.)

This section, as it now stands, was first imported into the statute in the Revision of 1865, and was intended as a substitute for section 4 (1 R. C., 1855, p. 322), which provided that an account for sums of money or for property due on contract, might be assigned in writing, and the assignee should have the same right of action in his own name which the assignor would have had subject to the same defenses and set-offs, which the debtor would have had against the assignor prior to notice of such assignment.

Upon the precise point now under consideration, I have not found any adjudication in this court construing the statute. But the intent would seem to be sufficiently plain. The provision is, that the defendant shall be allowed every just set-off, or other defense which existed in his favor at the time he is notified of such assignment.

Under this section a defendant who has a just and lawful defense or set-off against a note which is not negotiable, cannot be deprived of his right to make his defense availing by an assignment of the note to a third party. But after he is notified of an assignment and has knowledge of the fact that the note has been transferred, he will

not be permitted to buy in a claim against the assignor, and defeat the rights of the assignee—the holder in good faith.

It follows, therefore, that if Jno. H. Munday, Jr., was the legal owner of the note, which is the subject of this litigation, and before the defendant was notified that he had assigned the same, defendant became possessed of a note against Munday, Jr., the same would constitute a valid set-off.

We do not think the case was fairly submitted, and the judgment will therefore be reversed and the cause remanded ; the other judges concurring except Judge Vories, who is absent.