M. A. WOLFF ET AL., Respondents, *v.* JOHN H. VETTE; M. J. CONROY, Interpleader, Appellant.

### March 17, 1885.

1. ATTACHMENT—GARNISHMENT—INTERPLEA—PRACTICE.—The claimant of credits attached in the hands of a garnishee may interplead for them, under the statute.

2.—JUSTICES. — Such a claimant may file his interplea in the circuit court on appeal from a justice before whom he has failed to interplead.

3.—PRACTICE. — Such an interplea is in the nature of an independent action, proceedings under which should be evidenced by separate record entries, and may be reviewed alone on appeal.

4.—APPEALS—JUSTICES—PRACTICE.—The statutory rule that the same cause as was tried by the justice, and no other, shall be tried on appeal to the circuit court, does not apply to third persons who assert independent rights in the suit.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and remanded.*

W. E. JONES, for the appellant.

JOHN O'GRADY and E. B. WOLFF, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

This is an action instituted by attachment before a justice of the peace by plaintiffs against one Conroy. One Vette was summoned as garnishee of the defendant in the attachment, and answered denying all indebtedness. His answer was denied by plaintiffs, and upon the issue thus formed the cause was tried, and judgment rendered against the garnishee for $125.00 and costs. From this judgment the garnishee appealed to the circuit court. In the circuit court Maria J. Conroy, the appellant herein, obtained leave to interplead for the debt seized in the hands of the garnishee, and filed her written interplea averring that the debt seized in the hands of the garnishee was not the money or property of her husband, the defendant, in the attachment suit, but was her sole and separate estate, and not subject to attachment for the debts of her husband. The interplea prayed judgment, etc.

The interplea of appellant was not denied by the plaintiff, but the court, against plaintiffs' objections, heard evidence in support of the interplea, and upon such hearing dismissed the interplea at the costs of the interpleader. After an ineffectual attempt to set aside the judgment the interpleader has appealed to this court.

Proceedings in cases of interpleader upon attachment are in the nature of distinct suits, and judgments rendered therein for or against the interpleader are subject to review on appeal, though the attachment, or garnishment, may be still pending.— *Weisenecker* v. *Kepler*, 7 Mo. 54; *Brennan* v. *O'Driscoll*, 33 Mo. 372, 374. Although the entries are somewhat irregular in this case they indicate a final judgment against the interpleader. As far as the record shows, the jurisdiction of the court in regard to the interplea, was exhausted, and the question which it decided had gone from its control, and this is the test of a final judgment for the purpose of determining the right of appeal in this state.—*State ex rel.* v. *Sutterfield*, 54 Mo. 394; *Gale* v. *Michie*, 47 Mo. 326.

The cause being properly before us on appeal, we have carefully examined the record for the purpose of determining its merits. We find that no declarations of law were asked or given on behalf of either party, and that the uncontroverted testimony offered on behalf of the interpleader tended to prove that the debt seized in the hands of the garnishee, was due by the garnishee to her, and not to the defendant in the attachment. In view of this we are at a loss to discover any grounds on which the judgment of the trial court can be supported, unless the points made here by respondents are tenable.

The first of these points is, that funds in the hands of a garnishee are not the subject matter of interplea. Where the garnishment is on execution, this is undoubtedly so, because no provision for such a proceeding has been made by statute.— *Wimer* v. *Pritchartt*, 16 Mo. 253. But the statute concerning attachments expressly provides that any person claiming property, money, effects, or *credits* attached, may interplead in the cause.—Rev.

Stat. sect. 449. And the right is the same whether the attachment be one sued out in a court of record or before a justice of the peace.—Ibid, sect. 481; *Ladd* v. *Couzins*, 35 Mo. 516. This point made by respondents is not tenable.

Nor can we see any force in the other point made by respondents, namely: that the circuit court could not entertain the interplea because no interplea had been filed before the justice of the peace, and the statute provides that "the same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal."—Rev. Stat. sect. 3058. The section quoted has reference only to the cause of action, and to the parties, who were such before the justice, and not to independent causes of action existing in favor of third persons, strangers to the suit, and expressly authorized by statute to intervene for the protection of their rights. The question has not heretofore been decided in this state, either expressly or by analogies, but we are inclined to hold, on principle, that where the right to intervene is conferred upon the intervenor by law, without limitation, we are not justified in engrafting upon it a limitation adverse to such right. The interplea is in no sense part of the cause of action; it is the assertion of an independent right; it must be tried and determined separately, upon what is virtually a separate record.—*Brennan* v. *O'Driscoll*, 33 Mo. 372; *Ladd* v. *Couzins*, 35 Mo. 516.

It follows from what we said above, that the court committed error in dismissing appellant's interplea, and its judgment must for that reason be reversed, and as the facts are uncontroverted, the interplea undenied, and the testimony adduced in support thereof sufficient to entitle the interpleader to judgment, the judgment of the lower court is reversed and the cause remanded with directions to enter judgment in favor of the interpleader. All the judges concur.