WILLIAM M. GIETT, Appellant, v. McGANNON MERCAN-TILE COMPANY, Respondent.

St. Louis Court of Appeals, March 15, 1898.

1. **Justice's Court**: JUDGMENT: VERDICT. It has been often decided in this state that the effect of a formal judgment is to be given to a verdict as soon as it is entered on the justice's docket, and the failure of the justice to make an entry of the judgment will not prevent an appeal to the circuit court.

2. **Interplea.** The interplea is in no sense part of the cause of action; it is the assertion of an independent right; it must be tried and determined separately, upon what is virtually a separate record.

3. **Interplea**: ACTION: ATTACHMENT: VENUE. The right to interplead being an independent right or cause of action, separate from the attachment, the parties hereto, for the statutory causes, have the right to have the venue changed.

*Appeal from the Newton Circuit Court.*—HON. JOHN C. LAMSON, Judge.

REVERSED AND REMANDED.

PRATT & PHIPPS for appellant.

But statutes concerning attachments expressly provide that any person claiming property, money, effects or credits attached, may interplead in the cause. R. S. 1889, sec. 572. And the right is the same whether the attachment is one sued out in a court of record or before a justice of the peace. R. S. 1889, sec. 604. The interplea is in no sense a part of the

VOL. 74 app—14

cause of action; it is the assertion of an independent right; it must be tried and determined separately upon what is virtually a separate record. Wolff v. Vette, 17 Mo. App. 36; Burns' Missouri Annotated Code Practice (1896), 818; Brennan v. O'Driscoll, 33 Mo. 372; Ladd v. Couzins, 35 Mo. 516; Brown & Hamm v. Gummersell, 30 Mo. App. 344. A judgment on an interplea is final and appealable before the determination of the main suit. Weisenecker v. Kepler, 7 Mo. 52; Smith v. Sterritt, 24 Mo. 260; Hutchinson v. McLaughlin, 15 Col. 492.

GEORGE HUBERT for respondent.

It is because intervention, interplea and garnishment issues are purely engraftments, ancillary and incidental, that they are not removable, as separable causes or controversies, from state to federal courts. Bank v. Turnbull, 16 Wall. (83 U. S.) 190; Hochstater v. Harrison, 71 Ga. 21; Flash v. Dillon, 22 Fed. Rep. 18; Poole v. Thatcher, 19 Fed. Rep. 49; Ellis v. Sisson, 11 Fed. Rep. 353; Pratt v. Albright, 9 Fed. Rep. 634; 10 Biss. 511.

BIGGS, J.—The McGannon Mercantile Company sued Grant Lankford by attachment before a justice of the peace. William Giett filed an interplea, claiming the attached property. After a mistrial of the interplea before a jury Giett applied for a change of venue upon the ground that the justice was prejudiced against him. The change was awarded to another justice of the county. Upon the trial of the interplea before the latter justice the verdict of the jury was for the McGannon Mercantile Company. The justice entered the verdict in his docket, but he failed to render a judgment thereon, as provided by statute. (R. S. 1889, sec. 6279.) Giett appealed the case to

the circuit court, where on motion of the McGannon Mercantile Company the cause was dismissed. The grounds of the motion were: *First*, that the justice had failed to enter a judgment; *second*, that the change of venue was unauthorized. Giett has appealed to this court and assigns for error the action of the court in dismissing the interplea.

Under no view of the questions presented was the circuit court justified in dismissing the cause. If it be conceded that the venue of the case was improperly changed, or that there was no judgment on the interplea from which an appeal could be taken the circuit court could only strike the cause from the docket.

But waiving that question and treating the motion of the respondent as one to strike the cause from the docket, we are of opinion that neither one of the grounds assigned are tenable. Under the decisions there is nothing in the first. It has been often decided in this state that the effect of a formal judgment is to be given to a verdict as soon as it is entered on the justice's docket, and the failure of the justice to make an entry of the judgment will not prevent an appeal to the circuit court. Rutherford v. Weim, 3 Mo. 12; Franse v. Owens, 25 Mo. 329; Morse v. Brownfield, 27 Mo. 224; Haseltine v. Reusch, 51 Mo. 50; Stemmons v. Carey, 57 Mo. 222; Munday v. Clements, 58 Mo. 577.

The argument in support of the second proposition is that a proceeding of interplea upon attachment is inseparably connected with the main case; that is it is a mere incident to it, and that therefore the justice before whom the attachment is pending alone has jurisdiction to try the interplea. The vice in the argument is in assuming that an interplea is a mere incident to or part of the attachment. It was said by this court in Wolff v. Vette, 17 Mo. App. 36, that "the

interplea is in no sense part of the cause of action; it is the assertion of an independent right; it must be tried and determined separately, upon what is virtually a separate record." Citing Brennan v. O'Driscoll, 33 Mo. 372; Ladd v. Couzins, 35 Mo. 516. The case of Ex parte Haley, 99 Mo. 150, is relied on as supporting the contention of the respondent. There Haley was appointed a receiver in an attachment suit to take charge of the attached property. The venue of the attachment suit was changed and the supreme court decided that the receivership was merely an incident to the main case and followed it on change of venue, and that therefore Haley became subject to the orders of the court to which the cause had been sent. The distinction between that case and this is obvious. The right to interplead being an independent right or cause of action, separate and distinct from the attachment, the parties hereto like the parties to any other action have the right, for the statutory causes, to have the venue changed, to the end that there may be a fair and impartial trial. The statute provides that "either party shall be entitled to a change of venue in any *civil cause* pending before a justice of the peace," etc. That an interplea is a civil cause or civil action is settled by many decisions in this state. In such proceedings the interpleader takes the place of the plaintiff in any ordinary action, and the plaintiff in the attachment is treated as a defendant. The case of Crow v. Stephens, 44 Mo. App. 137, was an interpleader proceeding. There was a change of venue taken from the circuit court of Audrain county, where the attachment suit was pending, to the circuit court of Pike county, where it was tried. Neither the circuit court of Pike county, nor in this court, was it questioned that the right of change of venue in such cases did not exist. So in the case of Martin v. R. R.,

50 Mo. App. 428, the Kansas City court of appeals
upheld the right to a change of venue in a garnish-
ment upon attachment pending before a justice of the
peace. It follows that the judgment of the circuit
court must be reversed and the cause remanded. All
the judges concur.