## S. J. STEPHENSON, Appellant, v. TOM JONES, Respondent.

### St. Louis Court of Appeals, April 24, 1900.

1. **Attachment: JUDGMENT ON THE MERITS FOR DEFEND-ANT ABATES THE ATTACHMENT: JUSTICE'S COURT: EFFECT OF VERDICT.** In an attachment suit, the verdict of a jury finding the issues on the merits in favor of defendant, abates the attachment at the costs of plaintiff, and vacates and renders nugatory the judgment of the justice sustaining the attachment.

2. ———: ———: ———. And the failure of the justice to enter judgment abating the attachment on the verdict of the jury, does not destroy or impair the legal effect of the verdict to abate the judgment, and the effect of a formal judgment will be given the verdict.

3. ———: ———: ———: JUSTICE'S COURT: APPEAL. Nor does the failure of the justice to enter a formal judgment deprive the plaintiff of the right of appeal from a judgment abating the attachment which the justice should have entered.

4. ———: ———: ———: JURISDICTION. In the case at bar the plaintiff, however, did not avail himself of this right; he appealed from the judgment on the merits only, and the proceedings in the circuit court on the attachment were *coram non judice*.

Appeal from the Lincoln Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*Norton, Avery & Young* for plaintiff and appellant.

(1) The whole case would seem to turn on the question as to whether or not the appeal by the plaintiff from the judgment in the case on its merits took up the whole case for a trial anew in the circuit court, so as to enable the de-

fendant to file his plea in abatement in that court and try an issue in the circuit court, which was never presented in the justice's court, and on which a judgment had been rendered in the justice's court, and which had never been appealed from. We think that under the amendment of 1891, page 45, and under the decision of Hicks v. Martin, 25 Mo. App. 359, this contention is bound to be solved in favor of appellant. Now the appeal taken to the circuit court was an appeal taken by the plaintiff from the trial on the merits alone, and as said in Hicks against Martin. "In an attachment there are two distinct issues. The first arises on the plea in abatement, which puts in issue alone, the truth of the facts alleged in the affidavit as the basis of the attachment. On this issue the merits are not ordinarily involved. After this issue is disposed of, that as to the merits comes on for a hearing. This may be at a term subsequent to that at which the issues on which the plea in abatement are determined. There are necessarily two judgments." (2) This case of Hicks v. Martin, in so far as the question involved is concerned, seems to be on all fours with the case at bar, and the reasoning in that case is especially applicable to this. It has in no way been modified or overruled, and the conclusion arrived at in that case seems to be wholly consonant with sound judgment and common sense. The courts in attachment suits, have universally held that there is a difference between appeals taken by plaintiffs, and appeals taken by defendants, and the reason for this seems plain. Duncan v. Forgey, 25 Mo. App. 310; Bagley v. Kelly, 38 Mo. App. 625; Metzenberger v. Keil, 31 Mo. App. 130. (3) If there were any question as to the soundness of the reasoning, and the soundness of the conclusion arrived at in Hicks v. Martin, then all question would be removed by the repeal of section 562 of the attachment act of 1889, and the enactment of a new section 562, as pro-

vided for in session acts of 1891, page 45. This section as amended provides: "Upon the trial of the case upon the merits, either party may appeal, the plaintiff from the finding on the plea in abatement, or on the merits, as he may elect, or both; the defendant if at all on the whole case." Musgrove v. Mott, 90 Mo. 107.

*Martin & Woolfolk* and *George W. Colbert* for respondent.

Plaintiff's affidavit filed in justice court also contained his statement (both being in one count), and was the only written pleading. Our contention is that the defendant had a right to demand a jury both for the trial of the plea in abatement and the case on its merits, which he did and demanded a trial of the plea in abatement first, as shown by the justice's transcript in the record. Therefore we contend that the action of the justice in refusing to allow defendant to try the plea in abatement before the jury, and in taking the matter of the attachment writ in his own hands and sustaining the attachment against defendant when the case was not being tried before the justice, was without his authority and jurisdiction, and that said pretended judgment is void; and that the verdict of the jury and the judgment of the justice for the defendant abated and dissolved the attachment. Section 6262, Revised Statutes 1889, provides that defendant had a right to have his cause tried by a jury. Section 6267, Revised Statutes 1889, provides that "the jury shall well and truly try the matter in difference between the parties to the suit, and a true verdict give, according to the law and evidence." Leaving this contention wholly out of the question, the defendant certainly had a right on the trial of the case *de novo* in the circuit court, to make any defense he ever had to this suit. The

court does not decide that plaintiff's appeal did not bring up the entire cause for trial anew, and that the plea in abatement could not be reviewed in circuit court on plaintiff's appeal from the merits.

BLAND, P. J.—After the appeal herein was perfected S. J. Stephenson died testate and the suit has been revived in the name of W. R. Stephenson, the executor of his estate.

This is an action by attachment for the recovery of rent under the Landlord and Tenant Act, and was originally instituted before a justice of the peace.

The complaint was filed before the justice on July 23, 1898, and stated that plaintiff had rented to defendant nine acres of land to be seeded to wheat in the fall of 1897, and that defendant was to pay plaintiff as rent therefor one-third of the wheat delivered in the shock. That plaintiff was entitled to sixty-nine shocks of the value of thirty dollars; that he had a just demand against defendant for said sum of thirty dollars after allowing all just credits and offsets; that the defendant had within the last thirty days removed from the leased premises his property and all the crop grown thereon, so as to hinder and delay the plaintiff in the collection of said rent; that the rent was due and that he believed unless an attachment was issued he would lose his rent. The complaint was subscribed and sworn to on the twenty-third day of July, 1898."

No formal plea in abatement of the attachment was filed before the justice. The transcript (justice of the peace) recites that both parties appeared by attorney; that after the jury was sworn to try the cause, "opening statements were made by the attorneys for both plaintiff and defendant." The transcript further shows that in the progress of the trial and during the examination of a witness, as to the merits, the attorney for defendant objected to testimony,

on the merits, on the ground that he first wanted to put in issue the attachment proper; that the justice ruled that because no plea in abatement had been made or filed that it was too late to make said plea in abatement after the jury had been sworn to try the issues, whereupon the trial on the merits proceeded. The jury returned a verdict on the merits in favor of the defendant. The justice entered judgment sustaining the attachment by default, and that plaintiff recover his costs therein expended, and a further judgment on the verdict that defendant recover his costs, except costs in the attachment proper. Plaintiff appealed from the judgment on the merits, and defendant from the judgment by default on the attachment. In the circuit court the defendant's appeal was dismissed on the ground that it was not taken in time. Over the objection of plaintiff, defendant was permitted to file a plea in abatement to the attachment. On this plea a trial was had resulting in a verdict and judgment for defendant. On the merits the trial also resulted in a verdict and judgment for defendant. From both judgments plaintiff duly appealed to this court.

The evidence is that defendant rented of plaintiff nine acres of farm land which he seeded to wheat, agreeing to pay as rent one-third of the wheat produced by the land. The dispute between the parties is as to the time and the mode of payment. Plaintiff's contention on the trial was that by the contract defendant agreed to pay the rent in the shock when the wheat should be harvested. Defendant's contention was that the agreement was that he should stack the wheat in a yard near by, where he intended to and did stack other wheat, and that he was to pay the rent when he threshed at the machine. Defendant hauled the wheat to this yard and stacked it, whereupon plaintiff sued out the attachment and the wheat in the stack was attached by the constable. The court instructed the jury on trial of

the merits in substance that if under the contract the rent was not to be paid until the defendant threshed the wheat, then the suit was prematurely brought, and the issues should be found for defendant.

The assignments of error made by appellant are, first, that the court erred in permitting defendant to file plea in abatement, and second, that this being an attachment suit the jury should have been instructed that if the rent was due when the trial was had the issues should be found for appellant.

Section 407, Revised Statutes 1899 (Laws of 1891, p. 45), provides, that "if on a trial of the merits the finding be for the defendant, the court shall thereupon render judgment that the attachment be abated at the costs of the plaintiff.  *  *  *"  This section also provides that the plaintiff may appeal from the finding on the plea in abatement or on the merits as he may elect, or both, and that the appeal (when bond is given), shall operate as a supersedeas of the judgment or judgments appealed from and preserve the attachment in full force until the final determination of the appeal in the appellate court, or of the case upon a retrial in the trial court.   In Newman v. Tork, 74 Mo. App. 292, we held that this section applies to appeals from justices' courts in attachment suits, and that an appeal taken by the plaintiff from an adverse finding on the plea in abatement in the justice's court preserved the lien of the attachment pending the appeal in the circuit court.   The judgment of the justice sustaining the attachment, by default if entered before the trial on the merits, was regular.   This, however, was not a final judgment, and could not become so until there was also a judgment on the merits in favor of the plaintiff.   Garrett v. Greenwell, 92 Mo. 120.   The verdict of the jury finding the issues on the merits in favor of defendant abated the attachment at the cost of the plaintiff, section 407, *supra,*

and vacated and rendered nugatory the judgment of the justice sustaining the attachment, and the failure of the justice to enter a judgment abating the attachment on the verdict of the jury did not destroy or impair the legal effect of the verdict to abate the judgment and the effect of a formal judgment will be given to the verdict. Rutherford v. Wimer, 3 Mo. 12; Franse v. Owens, 25 Mo. 329; Morse v. Broomfield, 27 Mo. 224. Nor did the failure of the justice to enter a formal judgment deprive the plaintiff of the right of appeal from a judgment abating the attachment which the justice should have entered. Hazeltine v. Reusch, 51 Mo. 50; Munday v. Clements, 58 Mo. 577. Plaintiff, however, did not avail himself of this right; he appealed from the judgment on the merits only. When he reached the circuit court his attachment had been abated and there was nothing before that court on the appeal for trial but the merits of the cause of action. The proceedings in the circuit court on the attachment was *coram non judice*, and need not be further noticed. With the attachment abated, it was a question at issue on the merits, whether or not the debt was due when the suit was commenced. This issue was submitted to the jury by appropriate instructions. By their verdict the jury found the suit was prematurely brought. There was evidence to support their finding, and we affirm the judgment. All concur.