State to use v. Stinebaker.

STATE OF MISSOURI to the use of Joseph Wheless, Appellant v. GEORGE STINEBAKER et al., Respondents.

**St. Louis Court of Appeals, November 19, 1901.**

1. **Justices' Court: FEE OF CONSTABLE FOR "RECEIVING AND KEEPING" PROPERTY TAKEN ON EXECUTION: COSTS: LEVY OF EXECUTION.** A levy does not, *ipso facto*, entitle a constable or his appointed watchman to a fee for "receiving and keeping" property taken on execution; there must be a "receiving and keeping" of property, or some difficulty or expense about the levy beyond a merely formal service of the writ and an instant acceptance of payment from the execution debtor.

2. ———: ———: ———. In the case at bar, there was no receiving and taking property in the sense of the statute, and no fee for such service was earned.

3. ———: RECORDS: EVIDENCE. It is only when the records of a justice's court are silent that parol evidence can be introduced as to the proceedings in a case.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED AND REMANDED *(with directions).*

*Joseph Wheless* for appellant.

(1)   That "the principal constable is liable for the acts of his deputy done under color of his authority," is elementary. State ex rel. v. Claudius, 1 Mo. App. 551; State v. Vasel, 47 Mo. 416.   (2) The act of the deputy constable in demanding and receiving three dollars watchman's fee, at the time of the payment of the execution, was before the award of the same by the justice, and before the same was due, and is extortion

and unlawful. The statute (R. S. 1899) provides: "Section 3253. *Fees of Constables.*—Constables shall be allowed fees for their services as follows: ———— for receiving and keeping property taken on execution or attachment or under the order of the justice, such compensation as may be awarded by the justice making such order, or from whom the process issued." "Section 2103. *Exacting Illegal Fees.*—Every officer who shall, by color of his office, unlawfully and willfully exact or demand or receive any fee or reward, to execute or do his duty, or for any official act done or to be done, that is not due, or more than is due, or before it is due, shall upon conviction be adjudged guilty of a misdemeanor." (3) Aside from the foregoing objections, resting on principles of correct practice, the court was correct in its action in sustaining the objection to the evidence, for the reason that it was not competent for the defendant to introduce parol testimony to vary or contradict the documentary evidence of the award and its date, which was a part of the record of the justice's court. And it admits of no valid controversy that this writing was a judicial record, and impervious to collateral attack. (4) "Nor will parol evidence be admitted to explain or vary such record." 20 Am. and Eng. Enc. Law, p. 511; Wilson v. Stark, 47 Mo. App. 116; Turner v. Butler, 66 Mo. 380; 20 Am. and Eng. Enc. Law, p. 414. "The rule extends to the minutes and files of a justice of the peace." 20 Am. and Eng. Enc. Law, p. 492. (5) "If the trial court assumes to set aside a verdict for any reason not contained in the motion, it is still its duty to specify that reason upon the record, but, whatever the grounds for the order, it was clearly the intention of the statute to give the right of appeal from its decision thereon, and if in the opinion of the appellate court its reasons are insufficient, the verdict must stand, and the costs of another trial be avoided, in the absence of affirmative showing by the party in whose favor the new trial was granted that it was

properly set aside on other grounds. As the circuit court specified but one ground for disturbing this verdict and, in our opinion, erred in so doing because the instruction was proper, and as there were no exceptions saved on the trial to evidence or the giving of instructions, no other question is before us for review, and it results that the order granting a new trial must be reversed, and the record remanded with directions to enter judgment for defendant upon verdict rendered." Haven v. Railroad, 155 Mo. 224.

*Marion C. Early* for respondents.

(1) The law does not prescribe any specific form or manner in which an application for allowance for watchman's fees shall be presented. There is no requirement that the application shall be made in writing. R. S. 1899, p. 817. (2) The docket of a justice of the peace is evidence of nothing, except what the law requires to be written therein. Penny v. Block, 1 Mo. 484; Brown v. Pearson, 8 Mo. 119. The court should grant a new trial if competent evidence tending to prove a material fact has been held inadmissible. Walls v. Gates, 4 Mo. App. 1; Steamship Lehigh v. Knox, 12 Mo. 508. (3) The Court may grant a new trial for cause, independent of the motion for new trial, and it is its duty to do so at its discretion, if the court believes there has not been a fair trial, and the appellate court will exercise its right of revision more freely when it has refused than when it has granted a new trial. Ensor v. Smith, 57 Mo. App. 584; Lovell v. Davis, 52 Mo. App. 342.

GOODE, J.—This is an action against defendant and the sureties on his official bond as constable to recover three dollars charged to have been extorted from relator, Joseph Wheless, as a watchman's fee for looking after certain furni-

ture which respondent claims to have seized on execution against Wheless. Respondent's deputy, Cyrus T. Rudge, went to appellant's office in St. Louis with an execution, accompanied by Leslie Swofford who was to act as watchman of any property that might be levied on. Wheless says no levy was made because he paid the execution as soon as it was presented. Rudge swears he said to Wheless on entering his office: "Good morning; I have come to levy this execution," and thereupon did levy it upon a typewriter, desk and table which he put in charge of Swofford. What is undenied is that Wheless immediately paid the full amount of the writ, including the watchman's fee, though protesting the item was unwarranted, and the deputy constable receipted him in full, he having previously paid what costs the justice of the peace had taxed against him.

Our statute provides that a constable shall be allowed such compensation as may be awarded by the justice issuing the execution, attachment or other order for "receiving and keeping" property taken on execution. R. S. 1899, sec. 3253. It is for the magistrate to determine what compensation ought to be given (State v. Vasel, 47 Mo. 416); though if he abuses his authority, by allowing an unreasonable or illegal charge, we apprehend it is subject to correction by a superior court on appeal, as an appeal may be taken from an order or judgment taxing costs. R. S. 1899, sec. 4062.

A justice has no right to tax up costs of that kind when the service which the statute intends to compensate has not been rendered. A levy does not, *ipso facto,* entitle a constable or his appointed watchman to such a fee; there must be a "receiving and keeping" of property, or some difficulty or expense about the levy beyond a merely formal service of the writ and an instant acceptance of payment from the execution debtor. The purpose of the statute is to reimburse the constable for his reasonable outlay and trouble in preserving property which has come into his custody by virtue of a writ,

in addition to the fee allowed for making the levy. As it is impossible for him to always look after goods he has seized himself, it is often proper to employ help, whose wages will constitute an item of costs.

In the present instance, nothing was required of the officer, according to his own testimony, except a notification to the appellant that he levied the writ and thereupon a receipt of the sum called for. There was no receiving and taking property in the sense of the statute, and no fee for such service was earned. If the custom prevails of taxing a watchman's fee whenever a levy is made, it is illegal and ought to be abandoned.

The circuit court gave a peremptory instruction for plaintiff, but afterwards sustained a motion for a new trial on the ground, as stated in said order, that the instruction was erroneous. We see nothing to support this view unless the court considered it had committed error in excluding certain testimony which respondent offered concerning the date when the watchman's fee was taxed. The justice of the peace was put on the stand and asked if he remembered the application for the allowance of a watchman's fee in the case against Wheless. He answered: "I remember the request; *I do not remember the date.*" This testimony then followed:

"Q. Just state if you know anything in regard to what occurred on the date of this levy, other than is already on the record; anything outside of that? A. *I only know what Mr. Stinebaker requested of me; that is all I know.*"

Objections were interposed by plaintiff to that evidence and it was stricken out. Respondent contends, and the learned circuit judge apparently concluded, that it was competent to show by this oral testimony the date when the magistrate taxed the watchman's fee as part of the costs so as to exonerate the constable from having extorted the item before it was allowed. The application for the allowance of that

fee was in writing as was the order of the justice awarding it. These papers constitute a part of the files in the case and contain an entry, over the official signature of the justice, that the charge was allowed on the eighth day of January, 1901, which was the day after the levy. Inasmuch as an order taxing costs may be appealed from, it must undoubtedly be made in writing as an official duty of the justice. We think the written order or entry was competent as to the date when it was made and as it spoke on the subject, the only competent evidence is this collateral proceeding. Van Fleet on Collateral Attack, section 526 and 688; 1 Greenleaf on Evidence (16 Ed.), sec. 513; State v. Bartlett, 47 Me. 396. It is only when the records are silent that parol evidence can be resorted to. State v. Hockaday, 98 Mo. 590. Further, it is apparent that the justice of the peace was unable to testify as to the date of the allowance and, therefore, unable to aid the record even if it had been silent. Again, respondent's position that the allowance was made before the execution was served, involves the absurdity that the justice made it before it was earned and when it was unknown whether a levy would be necessary. Inasmuch as an illegal taxation of the item of costs could have been corrected on appeal if made before it was exacted from appellant, the precise question of fact to be found in order to determine whether it is recoverable in this action is whether it was taxed before or after payment? In other words whether the constable had warrant for collecting it? The only competent evidence offered on the subject showed it was taxed afterwards. We think, therefore, the instruction given by the circuit court was proper and that it erred in sustaining the motion for a new trial.

That ruling is therefore reversed and the cause remanded with directions to set aside the order sustaining said motion, to overrule the same and to enter judgment on the verdict for plaintiff. All concur.