RUOFF, Respondent, v. FITZGERALD, Appellant.

St. Louis Court of Appeals, January 7, 1908.

JUSTICES OF THE PEACE: Records: Minutes. Where the record of a justice of the peace consisted of minutes and memoranda rather than a full narrative of a proceeding, and where such minutes and memoranda showed that a judgment was rendered, giving the amount of the judgment and amount of costs, names of the parties, reciting that plaintiff and defendant appeared on a certain day and the defendant confessed judgment for the amount mentioned, this was sufficient to show a judgment and support a second judgment reviving the same.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*Frank A. C. Macmanus* for appellant.

(1) A revivor proceeding is a continuance of the original cause. Coomes v. Moore, 57 Mo. 338; Long v. Thormond, 83 Mo. App. 231; Bank v. Lambert, 116 Mo. App. 623. The "docket entries" being the only evidence presented, are so irregular and deficient that they do not warrant a revivor. Meyer v. Singletory, 75 Mo. 483. (2) In a revivor proceeding an entry as to the appearance of the parties is only *prima facie*, and can be explained. McGonnigle v. Bresnan, 44 Mo. App. 424; Clements v. Greenwall, 40 Mo. App. 595; Eager v. Stover, 59 Mo. 89; 39 Mo. 480; 84 Mo. 139.

*Frederick A. Wind* and *Henry E. Haas* for respondent.

(1) The statute expressly provides that "no judgment rendered by any justice of the peace shall be deemed invalid, stayed, or in any way affected by reason of any informality in entering or giving such judgment or other entry required to be made in the docket, or for any other default or negligence of the justice or con-

stable, by which neither party shall have been prejudiced.". R. S. 1899, sec. 4031. Workman v. Taylor, 24 Mo. App. 550; Jeffries v. Wright, 51 Mo. 218; Caldwell v. Fea, 54 Mo. 55. (2) It was not competent to falsify the judgment entries by parol testimony. State v. Stinebaker, 90 Mo. App. 280; Weber v. Schmeisser, 7 Mo. 600; Latrielle v. Dorleque, 35 Mo. 233; Johnston v. Kerkhoff, 35 Mo. 291; 24 Amer. & Eng. Ency. Law (2 Ed.), 193; 12 Ency. Pleading and Practice, 745, note 3, citing, Mavity v. Eastridge, 67 Ind. 211. The statute (sec. 3844) prescribing what entries shall be made by a justice is only directory and the omission to make them does not avoid the judgment. 12 Ency. Pleading & Practice, 752; Baker v. Baker, 70 Mo. 134; Bick v. Wilkerson, 62 Mo. App. 31.

GOODE, J.—*Scire facias* to revive a judgment rendered by a justice of the peace October 24, 1902. The judgment was entered in a landlord and tenant case and was for $16 rent and $5.25 costs. The revivor proceeding was instituted before the same justice of the peace who had rendered the judgment and resulted in a judgment of revivor. An appeal was taken to the circuit court and on a hearing there the same result was reached. Defendant then appealed to this court. The original judgment sought to be revived was in the following form:

"Before William J. Hanley, Justice of the Peace Within and for the Eighth District, City of St. Louis, Missouri.

"Julia B. Ruoff, Plaintiff, v. J. J. Fitzgerald, Defendant.

"Landlord summons. Demand $16.00 October 17, 1902, affidavit filed and summons issued to Constable J. F. Hannaman, returnable October 24, 1902, at 7 o'clock a. m. Summons returned duly executed. Now on last named day at the hour of trial comes the plain-

tiff and defendant and the cause being called the parties announce themselves ready for trial. The defendant confesses judgment for $16.00 rent. October 27, 1902; execution and restitution issued to constable J. F. Hannaman, returnable in 90 and 5 days."

Judgment $16.00; Justice Hanley $3.10; Constable J. F. Hannaman $2.15.

The chief proposition of the defendant is that the justice's docket fails to show a judgment was given, and, therefore, there can be no revivor. The justice's record consists of minutes and memoranda rather than a full narrative of the proceedings, but it does import that a judgment for $16 was rendered in favor of plaintiff and costs amounting to $5.25. These facts are shown by minutes on the margin of the record containing the principal minutes of the case; and in the other memoranda of the record it is recited that plaintiff and defendant appeared and defendant confessed judgment for $16 rent. Further, that an execution and (writ of) restitution were issued to the constable. This record of the justice is very similar to, and at least as full and complete as, the one held by the Supreme Court in Franse v. Owens, 25 Mo. 329, to be sufficient to uphold an execution sale of real estate. That was an ejectment case for land. A transcript of the judgment of the justice had been filed in the office of the clerk of the circuit court and an execution issued from said office under which the land was sold. The plaintiff in the action was the purchaser at the execution sale, and having instituted an ejectment proceeding to recover the land, he offered the justice's docket in evidence; but on the objection of the defendant it was excluded as insufficient. Judge SCOTT said that in Rutherford v. Winn, 3 Mo. 12, the Supreme Court had held that the force and effect of a judgment would be given to a verdict rendered in a justice's court, even

though no judgment was rendered on the verdict; and went on to say that though no formal judgment was entered on the defendant's confession, the entry was sufficient to support an execution.    In the present case the record indicates affirmatively that a judgment was rendered by the justice pursuant to the defendant's confession.    Our statutes provide that no judgment of a justice shall be deemed invalid, stayed or affected on account of an informality in entering or giving it unless the informality is prejudicial.    [R. S. 1899, sec. 4031.] We think the justice's record was sufficient to show a judgment had been rendered and to support a second judgment reviving the first one.

Defendant offered to testify he was not in the State on the date when the justice heard the cause, and hence could not have appeared and confessed judgment.    The court below excluded this testimony and error is assigned on account of the ruling.    It was a direct attempt to impeach the affirmative recitals of the justice's entries by parol testimony and was incompetent. [State to use v. Orahood, 27 Mo. App. 496; State v. Steinbaker, 90 Mo. App. 285.]

The judgment is affirmed.    All concur.