THE STATE OF MISSOURI ex rel. ALFRED VAN-DERBURG, Appellant, v. M. C. BIDWELL et al., Respondents.

Kansas City Court of Appeals, March 29, 1909.

1. **TRIAL PRACTICE: Verdict: Amending:, Justices' Courts.** In courts of record a verdict may be amended to express the manifest intent of the jury, and whether a statutory court like a justice's may do so, is not decided since there was no such attempt made by the justice.

2. **JUSTICES' COURTS: Verdict: Amount: Judgment.** A justice's verdict was simply a finding for plaintiff without any amount. The justice rendered a judgment for the amount claimed in the statement. *Held*, this act was an invasion of the province of the jury and was wholly nugatory, since the verdict must be accepted as conclusively expressing the real purpose of the jury, and there being no amount the jury did not intend to find for plaintiff in any sum.

3. ———: ———: ———: ———: **Statute: Mandamus.** Section 4008, Revised Statutes 1899, makes such verdict a finding for the defendant and the remaining duty of the justice was purely ministerial and he should have entered judgment for defendant, and on mandamus proceedings will be required to do so.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED (*with directions*).

*Guy Whiteman* and *Busby & Busby* for appellant.

(1) The verdict as returned by the jury is conclusive, and the same cannot be enlarged upon, or explained by extraneous evidence. Hancock v. Buckley, 18 Mo. App 467. (2) The verdict was insufficient to support judgment for any amount in favor of Fulcher and the justice in rendering judgment for $17, substituted his own finding for that of the jury. Ryors v. Pryor, 31 Mo. App. 562; Dyer v. Combs, 65 Mo. App. 152; Calkins v. Bank, 99 Mo. App. 513. (3) The verdict of the jury in a justice court is conclusive and has the effect of a final judgment. R. S. 1899, sec. 4001; Morse v. Brownfield, 27 Mo. 224; Hazeltine v. Reusch, 51 Mo. 50; Giett v. McGannon, 74 Mo. App. 211. (4) When no sum was found by the verdict of the jury in favor of Fulcher, it was the duty of the justice to enter judgment, with costs, for Vanderburg, and issue an execution against Fulcher for the costs. R. S. 1899, sec. 4008.

*W. A. Franken* for respondent.

(1) The justice has the power to correct the verdict so as to make it conform to the verdict agreed upon even though the jury has been discharged. Acton v. Dooley, 16 Mo. App. 448. (2) But even were we to assume that the justice could not amend the purported verdict so as to conform it to the true finding of the jury, the verdict would be either a verdict for a nominal amount or the verdict would be void and would not support a verdict for either party. (3) The uncorrected verdict is a verdict for a nominal amount. Brown v. Emerson, 18 Mo. 103; Lampert v. Drug Company, 119 Mo. App. 693. (4) The uncorrected verdict Ryors v. Prior, 31 Mo. App. 562; Dyer v. Combs, 65 Mo. App. 152; Calkins v. Bank, 99 Mo. App. 513. (3) is a nullity. Ryors v. Pryor, 31 Mo. App. 562; 29 Am. and Eng. Ency. of Law (2 Ed.), p. 1013; Winkelman v. Maddox, 119 Mo. App. 661; Dailey v. Columbia, 122 Mo. App. 21; Parker's Admr.

v. Moore, 29 Mo. 218; Freeman on Judgments (3 Ed.), chap. 2, art. 48. (5) Section 4008, Revised Statutes 1899, does not require the justice to enter judgment for the defendant upon a verdict failing to specify the amount of the recovery. Davis v. Delaware Twp., 41 N. J. Law 55; Withe v. Rowe, 45 Me. 572; Shaw v. State, 2 Tex. App. 487.

JOHNSON, J.—Relator filed his petition in the circuit court of Carroll county for a writ of mandamus to compel defendant Bidwell, a justice of the peace of Egypt township, Carroll county, to accept and treat a verdict returned by a jury in a cause tried before said defendant wherein relator was defendant, as a verdict in favor of relator and to enter judgment on his docket for relator and to compel the defendant Lovell, the constable of said township to receive and levy an execution when issued on such judgment. The facts disclosed by the alternative writ issued by the court and defendants' return thereto are as follows:

On September 2, 1907, William M. Fulcher brought suit against Alfred Vanderburg, the relator, before defendant Bidwell to recover the purchase price of a hog which he alleged in his statement he sold to Vanderburg for seventeen dollars. No counterclaim or set-off was interposed by defendant at the trial which occurred September 26, 1907. The trial was to a jury and the following verdict was returned: "We, the jury, find our verdict for plaintiff, J. W. Bowles, Foreman." This verdict was received by the justice, entered on his docket as the verdict of the jury and the jury was discharged. The justice then, over the objection of relator, entered judgment on his docket for Fulcher in the sum of seventeen dollars, and on October 21, 1907, issued an execution on said judgment and delivered it to the defendant constable who was proceeding to execute the writ when the present suit was begun. It is alleged in the return: "The said jury aimed and intended thereby

to find for the plaintiff therein and against the defendant in the sum of $17, that said verdict was publicly delivered to and received by the defendant Bidwell; that defendant Bidwell understood and interpreted said verdict as finding for the plaintiff therein and against the defendant therein in the sum of $17, and thereupon discharged. the jury finally.

Defendants further state that the said jury did not refuse to find any sum in favor of the plaintiff therein; but on the contrary, they duly agreed upon a verdict in favor of the plaintiff therein and against the defendant therein, in the sum of $17; that at the time of delivering said verdict to the justice, said jury, and each and every member thereof understood and regarded their verdict, in the form aforesaid, as finding for the plaintiff therein and against the defendant therein in the sum of $17, and they continued to so regard it up to and after their discharge, that the failure of said jury to insert the said amount in their said written verdict was due solely to a lack of information on their part that such was necessary and proper."

A motion for judgment on the pleadings was filed by relator and overruled by the court after which the following judgment was entered: "Come the respective parties by their attorneys and this cause coming on for hearing before the court upon plaintiff's alternative writ of mandamus issued by the judge of this court in vacation, and upon defendant's return to said alternative writ, and upon the evidence adduced both by relator and by the defendants, the court doth order, adjudge and decree, that the peremptory writ of mandamus prayed for by relator against the defendants, M. C. Bidwell, and J. T. Lovell, be denied, except as hereinafter directed. It is ordered by the court that said J. T. Lovell, constable, is hereby commanded to return the execution issued by M. C. Bidwell, in case of William Fulcher, plaintiff, against Alfred Vanderburg, for

the sum of $17 and costs on a purported judgment of M. C. Bidwell, justice of the peace, in favor of William Fulcher and against Alfred Vanderburg, on the 26th day of September, 1907, without further executing the same; and the said M. C. Bidwell is here ordered and commanded to refrain from issuing any further execution on said purported judgment and upon receipt of this mandate is commanded to set aside his docket entries of judgment in said cause and disregard the alleged verdict of the jury upon which said judgment was founded and then redocket the said cause for trial and set the cause for trial and give ten days' notice in writing to each party of the day when said cause will be tried before him and then proceed to the trial of said cause. It is adjudged that the costs of this proceeding in mandamus shall go in the original case."

After his motions for a new trial and in arrest of judgment were filed and overruled by the court, the relator brought the case here by appeal.

We shall treat as admitted the fact alleged in the return that the real purpose of the jury was to find for plaintiff in the sum of seventeen dollars. But since the verdict on its face expresses no such purpose, we do not think any effect should be given this fact in the present state of the record. Defendants argue that the rules giving to a court of record the power to amend a verdict to express the manifest intention of the jury (Acton v. Dooley, 16 Mo. App. 441; Hary v. Speer, 120 Mo. App. 556) may likewise be exercised by inferior statutory courts in the furtherance of justice. It sufficiently answers this argument to say that defendant justice did not attempt to amend the verdict and, therefore, the question of his right to amend is not before us. He received and recorded the verdict as the jury returned it and then, guided by his own interpretation of it, entered judgment for the plaintiff in the sum demanded in the statement. In such state of the record, the verdict should be accepted as conclusively express-

ing the real purpose of the jury and since it does not assess the amount of the recovery, we must assume that the jury did not intend to find for the plaintiff in any sum. These considerations impel us to hold that the attempted assessment of an amount in the judgment entered by the justice was a clear invasion of the province of the jury and as such was wholly nugatory.

The learned trial judge evidently so held, but we think he fell into error in treating the verdict as void, as he must have done in ordering the justice to redocket and retry the case as though no verdict had been returned. We concede for argument that in an action on contract for the recovery of money only, tried in the circuit court, a verdict for the plaintiff which fails to state the amount of the recovery is insufficient to support a judgment and should be treated as a nullity. In such cases, the amount of the recovery is one of the vital issues and the verdict must respond to all of the issues submitted to the jury. [Ryors v. Prior, 31 Mo. App. 555.] But a different rule has been prescribed by statute for cases tried in justice courts. Section 4008, Revised Statutes 1899, provides: "Judgment for the defendant, with costs, shall be rendered whenever a trial or hearing has been had and no sum shall be found by the verdict of the jury or by the decision of the justice in favor of the plaintiff."

This statute treats a verdict, deficient in the respect under consideration, as no verdict for the plaintiff, doubtless because of its failure to pronounce on one of the essential issues of the case, but in effect as a finding and verdict for the defendant. We perceive no reason in law for refusing to give effect to this statute. It construed the verdict in the present case and, observing its requirement, the defendant justice should have entered judgment for the relator. The failure of the justice to enter the right judgment on his docket did not deprive the verdict of any of its force. The duty of a justice to enter judgment on a verdict is

purely ministerial. From the moment the verdict is entered on the justice docket, it possesses all the force and effect of a formal judgment. [Morse v. Brownfield, 27 Mo. 224; Hazeltine v. Reusch, 51 Mo. 50; Giett v. McGannon, 74 Mo. App. 209.] Under this rule, the verdict when entered by defendant justice, *ipso facto,* became a judgment in favor of the relator by virtue of the provisions of section 4008. A right to appeal from that judgment inured to the plaintiff Fulcher. As that right was not exercised in the time prescribed by law, it follows that the judgment now is final. Relator is entitled to the performance by the defendant justice of the ministerial duty of entering formal judgment in his favor and to the other relief he seeks in his petition. Mandamus is a proper remedy in a case of this character. [State ex rel. v. Clayton, 34 Mo. App. 563; State ex rel. v. Cline, 85 Mo. App. 628; State ex rel. v. Adams, 76 Mo. 605; State ex rel. v. Horner, 86 Mo. 71.]

The judgment is reversed and the cause remanded with directions to award a peremptory writ in conformity with the views expressed. All concur.