ELLEN CONNORS v. CITY OF ST. JOSEPH, Appellant.

Division One, November 29, 1911.

1. **ORDINANCE TO GRADE STREETS: In Cities of Second Class: Special Proceeding in Circuit Court: Jurisdiction.** The action of a city of the second class in enforcing ordinances for grading streets is a special proceeding *in rem* regulated by statute. When a certified copy of the grading ordinance is filed with the clerk of the circuit court it is then the duty of the court to make and publish an order addressed to all persons concerned. Thereupon the court has jurisdiction to proceed with the matter according to statute, and its award of damages or assessment of benefits is preclusive and binding on all persons interested in the subject, except upon appeal or a repeal of the ordinance. This special proceeding relates only to the issue of damages and benefits, and provides expressly that in other respects it shall be conducted according to the general code of civil procedure.

2. **FILING PAPERS IN COURT: Clerk's Filing Mark.** The fact of the due filing of papers in court is not dependent upon the affixing of a filing mark on them by the clerk. To affix a filing

mark is simply a ministerial duty on his part, the performance or non-performance of which does not affect the fact of a proper filing, which may be shown by other evidence, as was done in this case.

3. **CIRCUIT COURT: Jurisdiction in Special Proceeding: Affidavit and Jurat: Self-curative.** The jurisdiction of the circuit court to enforce ordinances for grading streets in cities of the second class is conditioned upon the filing of a certified copy of the grading ordinance, and not upon the attaching thereto of an affidavit of previous publication. But even if such attaching were requisite, the affidavit and jurat affixed in this case meet the requirements of the law. It is true that the body of the affidavit refers to publication in December, 1904, when it should have read December, 1903, yet since the jurat of the officer sets forth that it was sworn to before him in January, 1904, it is evident that it could not have been printed in December, 1904.

4. ———: ———: **Collateral Attack.** The jurisdiction of a circuit court in a special statutory proceeding to enforce an ordinance for grading streets in a city of the second class, when once acquired, cannot be collaterally attacked upon the ground that the record of such court does not affirmatively show that the commissioners appointed to ascertain damages and benefits were "freeholders" or "disinterested freeholders." If the contrary were true, the power of the court to proceed with the cause would be made to depend, not on the fact of its rightful action, but solely upon the existence of evidence of such action in the form of a record recital. The same favorable presumptions arise respecting the judgment of a circuit court under its special powers as arise under its general powers.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

REVERSED.

*W. B. Norris, O. E. Shultz* and *Phil A. Slattery* for appellant.

(1) Proceedings to grade streets in cities of the second class are proceedings *in rem*, and the court may acquire jurisdiction by publication, and when such notice has been duly published, and the parties do not appear at the proper time and present their claims for damages, they will be held to have waived their right

to complain of what was done by the court. Kansas City v. Duncan, 135 Mo. 571. (2) Upon filing the certified copy of the ordinance for the grading of Vine street in the circuit court, and an order of publication having been made by said court and entered of record, notifying all persons of the day set for the hearing, to determine the damages and benefits to be assessed in the proposed grading of Vine street, according to the ordinance set out in the order of publication, and upon proof having been made that the order had been duly published according to law, the court had jurisdiction over the parties, including the plaintiff in this case, and whatever it did or did not do is a matter of error, and does not make void its subsequent orders and proceedings in a collateral proceeding. Wilhite v. Wolf, 179 Mo. 479. (3) A judgment of a court of competent jurisdiction, so long as it stands unreversed, cannot be impeached in a collateral proceeding on account of irregularities not going to the jurisdiction of the proceeding. Lovett v. Russell, 138 Mo. 474; Burke v. City of Kansas, 118 Mo. 309; Leonard v. Sparks, 117 Mo. 103; Union Depot Company v. Frederick, 117 Mo. 138. (4) Every presumption is indulged in favor of the jurisdiction of a court of general jurisdiction, and this principle applies to condemnation proceedings. Buddecke v. Ziegenheim, 122 Mo. 239. (5) The fact that the order appointing the commissioners to assess damages and benefits in the grading of Vine street did not recite that they were disinterested freeholders, cannot be heard in this collateral proceeding as destroying the jurisdiction of the court, as it had jurisdiction of the subject-matter and the parties, by reason of the filing of a certified copy of the ordinance and the order of publication having been duly published. Thompson v. Railroad, 110 Mo. 147; Leonard v. Sparks, 117 Mo. 103; City of Tarkio v. Clark, 186 Mo. 285. (6) If the affidavit of the publication of the ordinance prior to the filing of the same was neces-

sary to give the court jurisdiction of the proceedings, then the court had the right, and it was its duty, to permit the affidavit to be amended in the furtherance of justice, and according to the truth. Feurt v. Caster, 174 Mo. 289; R. S. 1909, secs. 1848 and 1851. (7) The affidavit of the publication of the ordinance prior to the filing of the certified copy of it in the circuit court was not jurisdictional. R. S. 1909, sec. 9055. (8) The affidavit of the publisher stating that the ordinance was published for ten days consecutively from the 18th day of December, 1904, to the 27th day of December, 1904, inclusive, on its face shows that the word "1904" should be read "1903," as the affidavit was sworn to on the 18th day of January, 1904, showing conclusively that the word "1904" must have been a clerical error, and the court will so take judicial notice of it. Fleming v. Tatum, 232 Mo. 690.

*Vories & Vories* for respondent.

(1) Where the service of process is insufficient or unauthorized by law, the court does not obtain jurisdiction, and a judgment rendered is without validity, and may be attacked in a collateral proceeding. Cloud v. Pierce City, 86 Mo. 357; Lang v. Sweeney, 105 Mo. 360; Williams v. Monroe, 125 Mo. 584; Hamen v. Cravens, 126 Mo. 253; Rosenberger v. Gibson, 165 Mo. 23; Feurt v. Caster, 174 Mo. 303. (2) The affidavit of the publisher in the proof of publication in "In re grading Vine street" showed that the special ordinance was published in December, 1904, the certified copy of the ordinance shows its approval December 8, 1903. The ordinance had to be published within twenty days from its taking effect. R. S. 1899, sec. 5667. (3) When a court of general jurisdiction proceeds in the exercise of special powers, its jurisdiction must appear in the record and cannot be presumed in a collateral proceeding; the same rule applies

as to courts of limited jurisdiction. Eaton v. St. Charles County, 76 Mo. 492; Ells v. Railroad, 51 Mo. 200; Railroad v. Campbell, 62 Mo. 585. (4) The jurisdiction of an inferior court over the subject-matter must affirmatively appear on the face of the record, and if it does not so appear, the judgment must be treated as a nullity, and may be attacked in a collateral proceeding. Ruckhert v. Richter, 106 S. W. 1081. (5) Jurisdictional facts must affirmatively appear in the record in all proceedings seeking to condemn or damage private property for public use, and such defects may be taken advantage of in either a direct or collateral proceeding. In re Bledsoe Hill, 200 Mo. 642; City of Tarkio v. Clark, 186 Mo. 298; Ells v. Railroad, 51 Mo. 200; Railroad v. Campbell, 62 Mo. 585; William v. Kirby, 169 Mo. 628; Cunningham v. Railroad, 61 Mo. 33; Jones v. Zirk, 65 Mo. App. 412; Fore v. Hoke, 48 Mo. App. 262; Zimmerman v. Snowden, 88 Mo. 220; Jefferson Co. v. Cowan, 54 Mo. 237. (6) Though a court may possess jurisdiction of a cause, of the subject-matter and of the parties, it is still limited in its mode of procedure and in the extent and character of its judgment, and the doctrine is only correct where the court proceeds according to the established modes governing the class to which it belongs. Winon v. McVeight, 93 U. S. 282; William v. Monroe, 125 Mo. 588; 11 Cyc. 693, and cases cited. (7) The presumptions that the law implies in support of superior courts of general jurisdiction arise only with respect to jurisdictional facts concerning which the record is silent, and where the statute requires evidence thereof to be in the record, the rule does not exist. 11 Cyc. 693. (8) The statutory requirement that a "complete record shall be kept" qualifies and changes the rule, the presumption must be that nothing was done except as shown by the record. 11 Cyc. 693, and cases cited.

BOND, C.—Plaintiff is the owner of a lot of ground and improvements thereon situated on Vine street in the city of St. Joseph.

The records of the circuit court of Buchanan county, of date January 18, 1904, recite, in substance, that a certified copy of an ordinance providing for the grading of the street in front of plaintiff's property, together with due proof of publication thereof, had been filed in that court; whereupon, said court made an order giving notice to all persons concerned of the filing and purposes of said ordinance, and appointing February 3, 1904, as the day and said court room as the place for ascertaining and assessing the damages and benefits that might arise from said proposed grading, and admonishing such persons to file their claims for damages, together with a description of their respective property and titles thereto, on or before said date or any continuance thereof under penalties of law, and the court directed proper publication of said ordinance, which its records show was duly had.

The files of said court show that the affidavit of the printer as to the due publication of the ordinance, although attested by a notary to have been sworn to on January 18, 1904, yet recited in the body of the affidavit that the publication was made between and including the dates of "18th of December, 1904, to 27th of December, 1904." On the trial of the present action, the court permitted the publisher to amend the body of the said affidavit by filing a new affidavit to the effect that the figures denoting the year in the former affidavit should have been 1903 instead of 1904. The records of the said circuit court show the appointment and reports of commissioners to assess damages and benefits, but are silent as to whether or not such commission were freeholders. The records of the said circuit court show the written instructions given to the commissioners by the court, which were found among

the file papers in said grading proceeding, but contained no indorsement of filing.

It was admitted that the city of St. Joseph paid all the owners of abutting property the amount of damages assessed in their favor by the commissioners. No claim for damages was made in the street grading proceeding by the plaintiff in the present suit, which was brought about four years thereafter (1908) to recover damages caused by the grading of the street in front of her property. To this suit the defendant city pleaded the enactment of said grading ordinance and the due enforcement thereof by the subsequent proceedings in the circuit court of Buchanan county, as are before stated, for a complete bar to any recovery by plaintiff in this action. Plaintiff replied, admitting the grading of the street. It was admitted by both parties that if plaintiff was entitled to recover at all, her damages were $400. Thereupon, after waiver of a jury, the cause was submitted to the court for trial, and judgment rendered for plaintiff for $400, from which defendant appealed.

## OPINION.

I. The action of a city of the second class in the matter of enforcing ordinances for the grading of its streets is regulated by statutes, which prescribe the various steps to be taken from the passage of the ordinance until its final performance through a special execution under a judgment of the circuit court. A certified copy of the grading ordinance is filed with the clerk of the circuit court. It then becomes the duty of the court to make and publish, as prescribed by statute, an order addressed to all persons concerned. Thereupon, the court is invested with jurisdiction to proceed in the matter according to other provisions of the statutes, and its judgment as to the award of damages or assessment of benefits is preclusive and binding on all persons interested in the subject, except

upon a review by appeal or in case of the repeal of the ordinance. [R. S. 1909, secs. 9051-9066, inclusive.] This special proceeding relates only to the issues of damages and benefits, and provides in express terms that in other respects it shall be conducted according to the general code of civil procedure. [R. S. 1909, sec. 9061.]

The proceeding is one *in rem*. After due publication of notice to abutting owners (without naming them), reciting the copy of the ordinance filed in the circuit court, and requiring all persons concerned to appear on the day and at the place fixed for the ascertainment of damages and benefits, and file their claims with a description of their property, the court becomes fully possessed of jurisdiction of the subject-matter of the proceeding and the persons of the parties so notified, and is empowered to proceed to enforce the grading ordinance under the limitations of the Constitution and the law. It is insisted, that the jurisdiction thus normally acquired by the circuit court, in cases like the present, did not vest in this instance, because the certified copy of the ordinance, though deposited in the circuit court by the proper officer and found among the papers constituting the files in this proceeding, and though the court records recited the fact of the filing of the certified copy of the ordinance, was not legally filed for want of a superscription showing its filing by the clerk. It has been repeatedly decided that the fact of the due filing of papers in court is not dependent upon the affixing of a filing mark on them by the clerk, which is simply a ministerial duty on his part—the performance or nonperformance of which does not affect the fact of a proper filing, which may be shown by other evidence, as was done in this case. [State v. Jackson, 221 Mo. 493; Bennett v. Hall, 184 Mo. 420; State v. Hockaday, 98 Mo. 593; Baker v. Henry, 63 Mo. 517; Rowe v. Schertz, 74 Mo. App. 608.]

II. It is also urged by respondent that the affidavit of the printer showing the publication of the ordinance by the city authorities previous to the filing of a certified copy in the circuit court is defective, in that it misdates the year of publication by reciting *December, 1904,* when it should have been recited *December, 1903.* The trial court permitted an amendment to this affidavit by the substitution of another made by the same printer. That method of correcting the clerical error was not necessary in this case, for an inspection of the affidavit shows that the jurat of the officer sets forth that it was sworn to before him on January 18, 1904; hence, it is evident it could not have been printed in *December,* 1904, and that the figure contained in the body of the affidavit referring to its publication in *December,* 1904, was a mere slip in the stroke of the pen of the affiant. The affidavit and jurat do furnish intrinsic evidence of the error in using the figure 4 as the final one in the year mentioned in the affidavit instead of using the figure 3 as the final one in said year. The affidavit and jurat were, therefore, self-curative and needed no amendment by the filing of a new affidavit. [Fleming v. Tatum, 232 Mo. l. c. 690.] We, therefore, hold that even if the statute had conditioned the jurisdiction of the circuit court not only on the filing of a certified copy of a grading ordinance but also on the attaching thereto of an affidavit of previous publication (which it does not), still the affidavit and jurat affixed to the certified copy filed in this case met the requirement of the law. [R. S. 1909, sec. 9055.]

III. The important question on this appeal is, whether the failure of the record of the circuit court in a proceeding under the grading ordinance to show expressly that the commissioners appointed to ascertain damages and benefits were also "freeholders" (Const., art. 2, sec. 21), or "disinterested freeholders"

(R. S. 1909, sec. 9056), is fatal to the jurisdiction exercised. If the power of the circuit court to act at all in the proceeding before it depended wholly upon an express recital in its records that the commissioners appointed in the course of the exercise of its jurisdiction were "freeholders" or "disinterested freeholders," then the entire proceeding conducted by it for the grading of this street was a mere nullity, and the judgment for plaintiff for damages caused thereby would have to be affirmed, for the reason that judicial proceedings which are carried on without any jurisdiction or judicial power to do so are absolutely void, and hence open to attack in collateral suits like the present.

If the plaintiff had pursued her remedy by appeal from the judgment of the court in the former proceeding, all errors occurring in the conduct thereof would have been open for review and correction. But that was not done, and the effort now is through the medium of an independent suit to declare the entire proceeding to enforce the grading ordinance *coram non judice,* because it contains no recitals as to the characteristics of the persons appointed as commissioners to report damages and benefits. It is not claimed in the present suit that the persons so appointed as commissioners in the former did not possess the attributes of freeholders. The only claim is that the record there is silent as to this. This reduces the entire discussion to one question. What presumption legally arises from silence of the record on that subject when it is attacked collaterally in this suit? The court in the street grading case was acting under special powers bestowed upon it by the Legislature outside of the sphere of its general powers as a court of law and equity, except so far as these were made applicable to any matters which might arise in the course of the special proceeding and which it did not specially provide for. It acquired jurisdic-

tion and power to act in the matter by the filing with its clerk of a certified copy of the ordinance and by the making and publishing of a notice thereof, addressed to the abutting property owners. When these things were done, the court was invested with full authority to proceed in the matter and to charge plaintiff's property with benefits or assess damages in her favor if she made any claim for such. In the further exercise of this jurisdiction, the court appointed certain commissioners to make report as to damages and benefits. If in so doing the court did appoint commissioners who possessed the qualifications required by the Constitution and the statutes, but failed to evidence that fact by a record entry, it cannot be held that such an omission deprived the court of all power to exercise any further jurisdiction. For if that were true, then the power of the court to proceed with the cause would be made to depend, not on the fact of its rightful action, but solely upon the existence of evidence of such action in the form of a record recital. It may have been error on the part of the court not to keep a complete record of its acts and doings during the progress of that cause (R. S. 1909, sec. 9054), still such error did not divest it of all jurisdiction, but was only an error occurring in the exercise of a previously vested jurisdiction. Such errors cannot be reached by collateral attack, whether committed in judicial proceedings under the general or special powers conferred on the circuit court. In either event, the same favorable presumptions arise. [Leonard v. Sparks, 117 Mo. l. c. 108.] The cast last cited, by BARCLAY, J., is directly in point and controlling. It reviews *in extenso* the previous variant rulings in this State, and announces the doctrine, that, when collaterally attacked, the judgment of the circuit court in a purely statutory proceeding "entirely out of the course of common law procedure" must receive in its support the benefit of the same presumptions accorded by law to all judg-

ments rendered by such court in the exercise of its ordinary and general powers. To the same effect see Burke v. City of Kansas, 118 Mo. 309; Thompson v. Railroad, 110 Mo. l. c. 162; Belk v. Hamilton, 130 Mo. l. c. 300; Lovitt v. Russell, 138 Mo. l. c. 474. There is nothing in the ruling made in the City of Tarkio v. Clark, 186 Mo. 285, which militates against the principle established in Leonard v. Sparks, supra, which case is cited in Tarkio v. Clark with approval of its doctrine as to collateral attacks, but held not to apply in the latter case since the attack there was a direct one made on appeal. The same distinction exists as to the ruling in In re Bledsoe Hill, 200 Mo. 630, which was also a direct attack by appeal to this court.

Our conclusion is, that there is nothing in the record made by the circuit court in the exercise of its jurisdiction to enforce the street grading ordinance which shows that the court in that proceeding had no power or jurisdiction over the subject-matter or over the plaintiff so far as to render the judgment which was had in the case, and that said judgment is not open to the collateral attack which constitutes the ground of the present action, and that the failure of the record to make any recital in that cause that the commissioners were freeholders was only an error occurring in the erroneous exercise of jurisdiction and did not flow from a total want of jurisdiction, and hence it was one correctible on direct attack but closed to collateral attack, and, therefore, is a bar to this suit. The result is, the judgment herein is reversed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur.