ALBERT HEIDEGGER, Respondent v. WILSON H. ROLL and MRS. WILSON H. ROLL, his Wife, Partners as W. H. ROLL & COMPANY, Appellants.

Kansas City Court of Appeals, April 1, 1912.

1. **JUSTICE OF THE PEACE: Transcripts.** Plaintiff sued on an account in a justice court. The justice was succeeded by another who rendered judgment for plaintiff. Defendant appealed and the transcript filed in the circuit court was a correct record of the proceedings and the judgment, but the certificate thereto was defective. *Held,* that the defendants having failed to have the certificate amended as they should have done, they have no right to complain of its informality.

2. ———: **Judgments: Dollar Mark.** The omission of the dollar mark in the recital of a judgment does not render it a nullity where there can be no doubt from the reading of the entries that the judgment is for money only.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*S. P. Forsee* for appellants.

*Cook & Gossett* and *Thomas Madden* for respondent.

BROADDUS, P. J.—Plaintiff commenced suit August 31, 1910, before James B. Shoemaker, justice of the peace in Kansas City, against defendants, "Wilson Roll and Mrs. Wilson H. Roll, his wife, partners, as W. H. Roll & Company" on account in the sum of $246.84. On November 22, Shoemaker surrendered the office to Denny Simrall, who had been elected justice to succeed him. Simrall, as justice, continued the case from time to time, until December 19th, on which day he made the following entry on his docket: "Dec. 10th, 1910, came the parties herein in person and by attorney and the said cause is taken up and the evidence being fully heard, the justice takes the cause under advisement until Dec. 19th, 1910, 1 am. m.," above which is the following entry, "ad on Dec. 19th, 1910, 7 a. m. the justice finds that the defendant air indebtec to plaintiff on the statemen sued an in the sum of 158.00 and costs of this suit and that execution issue therefor." Then follows the further entry: "Dec. 28, 1910, came the deferdato herein and file an affidavit for an appeal and a bond in the sum of 325.00 with John T. Kertz as surety said bond is approved and an appeal allowed to the circuit court of Jackson County we."

In the circuit court the plaintiff filed a motion to affirm the judgment of the justice on the ground that the appeal was taken after the day on which it was rendered, and that no notice was given plaintiff that such appeal had been taken.

The certificate of the justice to his transcript reads as follows:

"State of Missouri, County of Jackson.

I, Denny Simrall, a justice of the peace for Kaw Township, Jackson County, Missouri, do hereby cer-

tify that the foregoing is a full, true and complete transcript of all the proceedings had before James B. Shoemaker in the above entitled cause, and that such transcript is accompanied by all the processes and other original papers filed in the case.''

The circuit court sustained plaintiff's motion to affirm the judgment of the justice. The defendants appealed. It is contended by the appellants that the circuit court had no jurisdiction of the case owing to the defective certificate of the justice. The certificate is certainly defective in some respects, especially as it fails to state what occurred after Justice Simrall succeeded Justice Shoemaker, and it is made so as to read that all the proceedings in the case were had while Shoemaker was acting as such justice. But the transscript itself, as a matter of fact, shows that several continuances were had after Simrall became possessed of the case, and that the judgment was rendered by him as justice. It, therefore, presents an instance of a correct transcript and a defective certificate. It will thus be seen that the transcript which appellants filed in the circuit court contained the judgment from which the defendants appealed. It was subject to amendment at the instance of defendants. Having failed to have the certificate amended as they should have done, they have no right to complain of its informality.

As the transcript showed there was a judgment from which defendants appealed, the circuit court acquired jurisdiction of the case notwithstanding the error in the certificate. Mere irregularities do not affect the validity of a justice's judgment. [R. S. 1909, sec. 7540; Henman v. Westheimer, 110 Mo. App. 191.] It is held that the failure of the justice to enter a formal judgment on a verdict as soon as it is rendered will not prevent an appeal to the circuit court. [Giett v. McGannon, 74 Mo. App. 209.] Misrecitals in a justice's docket are wholly immaterial. [Nickey v. Lumber Co., 75 Mo. App. 54.] It is said that: ''The obligors

in a delivery bond, which recites a levy of execution, are estopped in an action on the bond from pleading that there was no levy." [Hundley v. Filbert, 73 Mo. 34.]

Appellants insist that the omission of the dollar mark in the recital of the judgment for 158.00 and costs makes the recital a nullity. The defendants in their appeal asserted that it was a judgment for $158.00, and their appeal bond so specifies. It must be treated under the foregoing authorities as mere irregularity. We all know what the figures mean and that they represent dollars and cents. There might arise instances when such figures would need extrinsic evidence in order to ascertain their meaning. But there is no such difficulty in this instance. It is said in such case that no one can doubt from the reading of the entries, that the judgment is for money and money only. [Therme v. Bethenoid, 106 Ia. 697.] The judgment should read as though the mark $ was inserted before the figures. [Grant v. Brotherton, 7 Mo. 459; Murrill v. Handy, 17 Mo. 406.] There is no doubt that section 7540, Revised Statutes 1909 was enacted with the view of remedying all such irregularities.

There is the further objection that the judgment is objectionable on the ground that it recites a judgment against only one defendant without designating which of the two parties to the proceeding. The suit was instituted against the defendants, as a partnership, and, we presume, that the judgment of the justice was against both defendants, and that he intended to include both by the use of the single term defendant, as applied to the partnership. The judgment, in our opinion, is to be regarded as a judgment against the defendants as a partnership. This was improper of course. But, at most, it is an irregularity. We believe the justice has authority under the judgment to issue execution against both defendants. Affirmed. All concur.