State v. Taylor.

STATE OF MISSOURI, Respondent, v. HAROLD TAYLOR, Appellant.

Kansas City Court of Appeals, November 11, 1912.

1. INDICTMENT AND INFORMATION: Misdemeanors: Statutory Language. An information, in statutory misdemeanors, is sufficient if it contains substantially the language of the statute. It is not necessary to use the exact language of the statute.

2. ————: Venue. It is not necessary to state any venue in the body of an indictment or information, but the county or other jurisdiction named in the margin or caption thereof shall be taken to be the venue for all the facts stated in the body of the same.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Hewitt & Hewitt* for appellant.

*George B. Padget* for respondent.

BROADDUS, P. J.—The defendant was tried on information filed with a justice of the peace for Daviess county where he was convicted, and on appeal to the circuit court the case was again tried and defendant was again convicted. From the judgment of conviction defendant appealed to this court.

The information reads as follows:

Township of Jefferson,
State of Missouri, County of Daviess,
The State of Missouri, Plaintiff,          } ss
    v.
Harold Taylor, Defendant.

Before H. C. Long, Justice of the Peace within and for said Township, County and State.

Fred Fair, Prosecuting Attorney within and for the County of Daviess, in the State of Missouri, under his oath of office, informs H. C. Long, a Justice of the Peace within and for said Township, County and State, that on the 23d day of October, 1909, at said Township, County and State, one Harold Taylor, did then and there unlawfully, wilfully and maliciously cut, break and otherwise injure the buggy harness of another, to-wit: the buggy harness of Vernon Allen by then and there wilfully and maliciously cutting said harness with a knife, against the peace and dignity of the State, and Vernon Allen hath made complaint thereof against the said Harold Taylor by the accompanying complaint herewith filed.

FRED FAIR,
Prosecuting Attorney of Daviess County.

The defendant took a change of venue from Justice Long to Justice T. R. Ford, where the case was tried and defendant found guilty. After the case got to the circuit court defendant moved to quash the information. The grounds stated in the motion to quash are that: "The information herein shows on its face that it is not based on the knowledge, information or belief of the prosecuting attorney, but upon complaint of one Vernon Allen; and further shows that no such complaint is filed with said information or accompanies the same."

"2d. That said information is insufficient, in that it fails to charge any offense under the law.

"3d. That it fails to allege any offense under the statute, in that it does not allege that the harness alleged to have been cut, broken or otherwise injured was the personal property of another, viz., Vernon Allen.

"4th. That the justice of the peace before whom the pretended information was filed was without jurisdiction to hear and determine the said cause, therefore, this court is without jurisdiction to hear and determine the same."

The affidavit of Vernon Allen was not found among the papers, whereupon the prosecuting attorney moved for leave to supply it. It was shown that such an affidavit was filed with the justice and there was evidence tending to show that the justice had filed it with the other papers in the case with the clerk of the court, and evidence of its contents was also introduced. The court sustained the motion to supply the missing affidavit, which was in the usual form and substantially to the effect, that the defendant at the township, county and State aforesaid "did then and there unlawfully, wilfully and maliciously cut, break and otherwise injure, the buggy harness of another, to-wit: the buggy harness of Vernon Allen, by then

and there wilfully and maliciously cutting said harness.'' The defendant moved to strike the said affidavit from the record, which motion the court overruled. The court also overruled defendant's motion to quash the information.

We have examined carefully the evidence, and although there was no positive proof that the defendant committed the act charged in the information, yet the circumstances in proof went to show that he was guilty beyond a reasonable doubt.

Defendant insists that there was no evidence going to show that the harness alleged to have been injured was the property of Vernon Allen; and that there was a failure to prove that the offense, if any, was committed in Jefferson township. The evidence was so abundant in these respects that we deem it a waste of time and space to incorporate it here.

The defendant's principal contentions are as to the sufficiency of the information, and as to the power of the court to supply the missing affidavit of Vernon Allen. First, it is insisted that there is no allegation that the offense was committed in any particular township. The statute requires that all prosecutions for misdemeanors shall be commenced and prosecuted in the township where the offense is alleged to have been committed. [R. S. 1909, Sec. 4967.] It is, therefore, necessary that the facts going to show jurisdiction of the justice should appear on the face of the proceedings. [State v. Sexton, 141 Mo. App. 694.]

It is not necessary to state any venue in the body of any indictment or information; but the county or other jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of the same. [R. S. 1909, Sec. 5107.] As the State, county and township are named in the caption

or margin of the information, under the statute, it is sufficient to show jurisdiction.

The information is based upon Sec. 4590, R. S. 1909, which provides that: "Every person who shall wilfully and maliciously cut, break or in anywise injure any saddle, bridle, halter, hitch rein, buggy or wagon harness, or any part thereof, the personal property of another . . . shall be guilty of a misdemeanor."

The language of the information is that the defendant did "cut, break and otherwise injure the buggy harness of another, to-wit: the buggy harness of Vernon Allen." The information does not use the words of the statute, "the personal property of another," but uses instead the words, "buggy harness of another, to-wit: the buggy harness of Vernon Allen."

The rule in felony cases is that nothing must be left to inference. State v. Emerich, 87 Mo. 110, and it is so held in some instances in misdemeanor cases. But the same strictness is not required in statutory misdemeanors. In such cases an information is sufficient if it contains substantially the language of the statute. This is the general rule. It is not necessary to use the language of the statute.

The statute, in defining the offense, designates buggy harness as personal property, therefore, there was no necessity for describing it as such.

And it was not necessary to use the words, "the personal property of another." The allegation that the defendant "did cut . . . the buggy harness of another, to-wit, Vernon Allen" was a sufficient allegation that it was the personal property of Vernon Allen.

There was no error in allowing the State to supply the missing affidavit of Vernon Allen on which the information was based. "A lost indictment, like any

other record, may be supplied by the court of whose record it constitutes a part." [State v. Burks, 132 Mo. 363.] But it is insisted that the affidavit was no part of the record of the circuit court, but that it was a record of the justice court. There is not a shadow of merit in this claim. When the cause was appealed and the papers transferred to the office of the circuit clerk, they became thereby the records of the circuit court. And whether it was lost before or after the transfer was made can make no difference. Under the law the whole case was transferred to the circuit court, and it is no answer to say that the affidavit was no part of the record because it was lost. That the affidavit had been made was a matter of fact, the writing was only evidence of that fact. To supply the written affidavit was merely a proceeding to establish the ultimate fact that the affidavit had been made.

The objections made to the regularity on the trial and the rulings of the court are in all respects purely technical, although, in some respects, ingenious. The defendant under the evidence was conclusively shown to be guilty, and, as he was given a fair trial, the judgment is affirmed. All concur.