EX PARTE S. P. PERSE.

In the Springfield Court of Appeals. Opinion filed August 31, 1926.

1.—Criminal Law—Justices of the Peace—Information—Time of Filing. Fact that information bore file mark of justice of the peace, showing that it was filed on certain day, is prima-facie evidence that it was filed on that date.

2.—Same—Information—Time of Filing—Showing by Parol. That information was filed before justice of the peace, and date on which it was filed, may be shown by parol.

3.—Same—Same—**Justice Failing to Make Entry of Filing.** Failure of justice of the peace to make an entry in his docket showing that an information was filed will not invalidate judgment afterward rendered.

4.—Same—**Information and Plea Filed Same Day—Presumptions.** On showing that information was filed on same day that plea was entered, it will be presumed, in absence of evidence to the contrary, that the plea was entered after the information was filed, and that the plea was made to the charge in the information, and not to the charge in the affidavit upon which the defendant was arrested.

5.—Same—**Warrant—Failure of Justice to Make Entry—Warrant not Invalidated.** Failure of justice of the peace to make entry in docket, showing he found facts required by section 3761, Revised Statutes 1919, before issuing warrant for arrest, **held**, not to invalidate warrant.

6.—Same—**Misdemeanor—Jurisdiction of Justice—How Shown.** Charge of possession of intoxicating liquor being misdemeanor, jurisdiction of justice before whom it was tried is limited to township in which it was committed, and fact that it was committed in township in which prosecution was begun must appear on face of proceedings, and cannot be shown by parol.

7.—Same—**Misdemeanor—Venue—Showing of Venue Held Sufficient.** In prosecution before justice of the peace for possession of liquor, although justice's docket did not show township, showing of township by commitment issued by justice and by information filed by prosecuting attorney was sufficient, under section 3900, Revised Statutes 1919, as to the venue.

8.—Same—**Requisites of Record to Show Valid Judgment.** To render justice's judgment valid, there must be enough shown in record to establish fact that court actually rendered judgment, and of what it consisted; language in which it is couched being immaterial, in view of sections 2727, 3785, Revised Statutes 1919, relating to entry of judgment before justice of the peace.

9.—Same—**Entries on Justice Docket Held to Show Valid Judgment.** In prosecution before justice of the peace for possessing liquor, entry in justice's docket that defendant "makes confession" was equivalent to entry of his plea of guilty, and further entry that he was fined and "sentenced" to jail for six months was equivalent to assessment of punishment at six months in jail, and in view of sections 2727, 3785, Revised Statutes 1919, relating to judgments before justices of the peace, was valid in attack by habeas corpus proceedings.

10.—**Justices of the Peace—Civil Cases—Effect of Verdict.** In civil cases tried before justices of the peace, verdict has force and effect of judgment as soon as entered on docket.

11.—**Criminal Law—Justices of the Peace—Commitment by Justice After Stay Held not Void.** In prosecution before justice of the peace for possession of liquor, fact that commitment by justice was issued at expiration of ninety-day stay of execution granted at request of defendant did not render it void, but such time should be deducted from sentence of imprisonment; justice having no authority to grant stay.

12.—Same—**Habeas Corpus.** Time petitioner was at liberty under bond in habeas corpus proceedings should not be credited on time provided in sentence.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 301, n. 96 New; p. 358, n. 53; p. 360, n. 75, 77 New; p. 539, n. 55; p. 1373, n. 79 New; p. 1378, n. 65; Habeas Corpus, 29CJ, p. 42, n. 33; p. 52, n. 27; p. 53, n. 33; p. 171, n. 2 New, 3; Justices of the Peace, 35CJ, p. 673, n. 69.

Original proceedings for *habeas corpus*.

PETITIONER REMANDED TO CUSTODY.

D. H. KEMP for petitioner.

(1) The warrant of commitment issued by the justice in this case appears to be regular upon its face, and recites that the petitioner is committed to the jail on account of a sentence imposed by a justice of the peace, on a plea of guilty, to imprisonment for a period of six months. This warrant of commitment is wholly void because there is no judgment upon which to base the same. Ex parte Fowler, 275 S. W. 529, 532; Ex parte O'Brien, 127 Mo. 477. And where this is the case a prisoner may be discharged under *habeas corpus*. In re Wooldridge, 30 Mo. App. 612. Ex parte Smith, Petitioner, v. Richardson, Sheriff, 208 Mo. App. 456; Ex parte Creasy, 243 Mo. 679, 707. The complete entry, as shown by the Judge's docket, is found on pages 2 and 6 of the bill of exceptions, and all taken together does not amount to a judgment of any kind or character. A judgment of a justice of the peace, to be valid, must conform substantially to the requirements of section 3779, Revised Statues 1919. (2) The entry of the justice, made in August, if it were sufficient and would piece out the judge's record so as to make a judgment, cannot be used for that purpose in this case. Section 3785, R. S. 1919, The sole question for this court is—On ——day of Aug., 1925, did S. R. Reynolds as justice of peace have any legal authority to issue the commitment under which respondent seeks to justify the detention of petitioner? We say No. State v. Griffie, 118 Mo. 188, 199; Norton v. Porter, 63 Mo. 345; City of Stanberry v. Procter, 48 Mo. App. 56; Smith v. Chapman, 75 Mo. 217; State v. Hobbs, 279 S. W. 200. (3) The commitment herein is void for the further reason that it is not shown that the justice of the peace had jurisdiction over the crime charged. It nowhere shows by the judge's docket or by the complaint upon which the justice proceeded, what township he was attempting to exercise jurisdiction in, or in what township the crime was alleged to have been committed. Section 3759, R. S. 1919; State v. Sexton, 141 Mo. App. 694. The justice's record should show that the justice had jurisdiction, and the appearance of the defendant does not waive that defect. Barnes v. Plessner, 121 Mo. App. 677. A justice of the peace has no authority or right to issue a warrant or proceed in a misdemeanor without an information being first filed by the prosecuting attorney. Section 3763, R. S. 1919. This record shows an information filed by the prosecuting attorney, but it nowhere shows by his record or otherwise that it was filed before the confession. In

fact, the judge's record shows that the whole proceedings were based upon the complaint of the sheriff. We, therefore, respectfully submit that the prisoner should be discharged.

*John T. Burgess*, Prosecuting Attorney, for respondent.

(1) The only entry made by the justice in his record after the defendant plead guilty on the 26th day of May, 1925, was the entry made as to issuing the commitment on the 24th day of August, 1925. (2) The defendant instead of being immediately committed to jail, on his confession or plea of guilty to the charge, was given, at his own request, a stay of execution for ninety days, and granting that, the justice had no legal authority to stay the execution, yet, that alone would not entitle the defendant to his discharge. Ex parte Thomberry, 254 S. W. 1087; L. C. 1089, 1090. (3) The justice had jurisdiction of the person and crime charged. The information on its face shows that it was filed before S. R. Reynolds, a justice of the peace of Flat Creek Township in Barry county, Mo., and that the offense charged was alleged to have been committed in said Flat Creek Township. There being nothing in the record showing that the information had not been filed prior to the confession of the defendant, the presumption would be that the justice had the information before accepting the defendant's plea. (4) It is held in State v. Griffie, 118 Mo. 188, 199, the "a justice cannot change his record after same is written up, but the fact that he did not date or sign same would not invalidate the judgment."

COX, P. J.—The petitioner, S. P. Perse, is confined in jail in Barry county under a commitment issued by S. R. Reynolds, justice of the peace of Flat Creek Township in said county. It is contended by the petitioner that the entries in the docket of the justice of the peace do not show a valid judgment and since the judgment is invalid the commitment is void and his imprisonment therefore unlawful.

The language used in the justice docket in this case is as follows: "On this 21 day of May, 1925, comes Hugh Brixey and filed his complaint under oath charging the defendant S. P. Perse with having in his possession one quart of corn whiskey and thereupon I issued a warrant against the said S. P. Perse and delivered to the said Hugh. Warrant returned executed by having the body of the defendant before me as commanded and on the 22d day of May the defendant was brought before me and was recognized in the sum of $500 for his appearance on the 26th day of May, the defendant comes and makes confession and was fined $200 and sentenced to the county jail for

six months with stay of execution for ninety days with recognizance in the sum of $500 with S. P. Perse as principal and J. F. Wilson and P. Hilton as sureties.'' After the expiration of ninety days, the justice issued a commitment that is conceded to be in proper form which recited that the justice had rendered a judgment on May 26, 1925, against defendant for a fine of $200 which had been paid and that on request of defendant a stay of execution for ninety days had been granted and that the time of the stay of execution had expired and then commanded the sheriff to take and confine him in jail for six months. The justice also entered in his docket at that time a recital of the fact that the time of the stay of execution had expired and that a commitment had been issued.

The petitioner contends that the record of the justice does not constitute a judgment, therefore will not sustain the commitment which to be valid must be based on a valid judgment. That there must be a valid judgment to support a commitment to jail will be conceded. It will be noticed that the record of the justice does not not show that an information was filed before the justice. The proof at the hearing, however, shows that an information was filed by the prosecuting attorney on May 26th, the same day that the entry of defendant's confession was noted. The information bears the file mark of the justice showing that it was filed on May 26, 1925, and this is prima-facie evidence that it was filed on that day. [Grubbs et al. v. Coombs et al., 57 Mo. 83; State v. Pieski, 248 Mo. 715, 719, 154 S. W. 747.]

It is also true that the fact that an information was filed and the date at which it was filed may be shown by parol and the failure of the justice to make an entry in his docket showing that an information was filed will not invalidate the judgment afterward rendered. [State v. Hockaday, 98 Mo. 590, 593, 12 S. W. 246; State v. Jackson, 221 Mo. 493, 120 S. W. 66; Connors v. St. Joseph, 237 Mo. 612, 619, 141 S. W. 638; State v. White, 263 S. W. 192.]

It appearing that the information was filed on the same day that the plea was entered it will be presumed, in the absence of evidence to the contrary, that the plea was entered after the information was filed and that the plea was made to the charge in the information and not to the charge in the affidavit upon which the defendant was arrested.

It appears in the record that an affidavit by a private individual was filed before the justice and a warrant issued and defendant arrested before the information was filed. The record does not show the facts required under the statute, section 3761, Revised Statutes 1919, to authorize the issuance of a warrant and the arrest of defendant prior to the filing of an information by the prosecuting attorney. The statute does not require that the justice make an entry

in his docket showing that he found the facts required by the statute to be found to be true before he issued the warrant and hence he was not required to make such an entry in his docket and his failure to do so did not invalidate the warrant. [State ex rel. v. Stobie, 194 Mo. 14, 44, 92 S. W. 191.]

The charge being a misdemeanor the jurisdiction of the justice was limited to the township in which the offense was committed and the fact that the alleged offense was committed in the township in which the prosecution was begun must appear somewhere upon the face of the proceedings. That fact could not be shown by parol. [State v. Taylor, 167 Mo. App. 104, 150 S. W. 1126; State v. Sexton, 141 Mo. App. 694, 125 S. W. 510.]

It is not necessary, however, that the venue be stated in the body of the information but the facts as to venue stated in the margin shall be taken to be the venue for all the facts stated in the body of the information. [R. S. 1919, sec. 3900; State v. Taylor, supra.] The justice docket does not show the township. The commitment issued by him does show it. The information filed by the prosecuting attorney shows in the margin the following: "Before S. R. Reynolds, a justice of the peace of Flat Creek Township, Barry county, Missouri." The body of the information alleges that the offense was committed in Flat Creek Township, Barry county, Missouri. We think that is a sufficient showing as to the venue.

We think the jurisdiction of the justice of both the subject-matter and the person of defendant sufficiently appeared. The remaining question was whether the entries on the justice docket are sufficient to show a valid judgment. It has recently been said by our Supreme Court that the requisites necessary to the validity of a judgment are jurisdiction as to the subject-matter and to persons and an adjudication limited to the issues. [Ex parte Thornberry, 254 S. W. 1082, 1091.] There must, of course, be enough shown in the record to establish the fact that the court actually rendered judgment and of what it consisted. When that much appears, the language in which it may be couched is immaterial. The language appearing in the justice docket is first: "The defendant comes and makes confession." That means that he pleaded guilty to the charge. This is followed by the words "and was fined $200 and sentenced to the county jail for six months." While the language used was not in proper form, yet we think it is sufficient to show that defendant's plea of guilty was accepted and his punishment assessed at a fine of $200 and imprisonment in the county jail for six months. The language is that defendant was "sentenced" to six months in jail. Whether that word "sentenced" should be construed as the equivalent of a formal judgment we do not deem it necessary to decide. It certainly is equivalent to an assessment of punishment at six months in jail and should

be given as much force and effect at least, as would be given to direct language stating that the justice assessed his punishment at six months in jail or to a verdict of a jury, had there been a trial by jury, finding the defendant guilty and fixing his punishment at imprisonment in jail for six months. It has been uniformly held in civil cases in this State that the verdict of a jury has the force and effect of a judgment as soon as it is entered on the docket of the justice. [Hazeltine v. Reusch, 51 Mo. 50; Langford v. City of Doniphan, 61 Mo. App. 288; Gieth v. McGannon Merc. Co., 74 Mo. App. 209; State ex rel. v. Bidwell, 136 Mo. App. 503, 509, 118 S. W. 122; Heidegger v. Roll, 162 Mo. App. 714, 716, 145 S. W. 836.]

In the Bidwell case it is pointed out that after the verdict is entered the formal entry of judgment thereon is purely ministerial, and that seems to be the ground for holding that the verdict, when entered upon the docket, shall have the force and effect of a judgment. The requirement of the statute in proceedings in a justice court in relation to the entry of a judgment in his docket in civil cases, section 2727, Revised Statutes 1919, is substantially the same as the provision in criminal cases found in section 3785 of the same statute. Section 2727 requires the justice after the verdict is rendered in a civil case to enter judgment thereon and section 3785 makes the same requirement in a criminal case. We see no reason why the same rule of construction should not apply to both statutes and the same force and effect be given in either case to a verdict of a jury or a finding by the justice which stands in lieu of such a verdict. If a verdict of a jury in a civil case finds for plaintiff and fixes the amount of recovery that verdict as soon as entered on the docket of the justice has the force and effect of a judgment though no formal judgment is entered on the docket as the statute provides shall be done. The same thing should be true in a criminal case. We think the docket entries in this case, while incomplete, are sufficient to be given the force and effect of a formal judgment and that the commitment was not void for the want of a valid judgment to support it.

Docket entries also show that a stay of execution for ninety days was granted defendant. No commitment was issued until the expiration of ninety days and it is contended that the justice had no authority to grant a stay of execution and that it was his duty to have issued a commitment immediately and since he did not, he could not issue it ninety days thereafter. At the time of this judgment, May 26, 1925, the justice did not possess the power to grant a stay of execution and that order of the justice was void. We do not think, however, that the delay of ninety days in issuing the commitment, in and of itself, rendered the commitment void. The time of the jail sentence was six months and had the commitment been issued on the same day that the judgment was entered, the sentence would not have

expired at the end of ninety days. We are of the opinion that since it was the duty of the justice to issue the commitment immediately, the time of defendant's sentence to jail would begin immediately and that he would be entitled to the benefit of the time from the date of the judgment and upon the expiration of six months from that date he would be entitled to his release, no matter when the commitment was issued. The commitment, however, should not be held void because not issued immediately, but in our judgment it could be issued at any time within the six months, and would, when issued, authorize the arrest and confinement of defendant in jail for the remainder of the six months. At the end of that time the defendant should be released. The commitment in this case recites that the stay of execution had been granted at defendant's request and while it seems unequitable to give him the benefit of time which has been granted without authority, but at his own request, yet we are of the opinion that since the justice did not, at that time, have authority to grant a stay of execution, the fact that it was granted at the request of the defendant would give it no validity nor change the rule as to the time during which the defendant could be incarcerated in jail.

After this proceeding was begun and the writ of *habeas corpus* issued, the petitioner gave bond and has been at liberty since that time. The time he has been at liberty under this bond should not be credited on the six months provided in the sentence.

Our conclusion is that the petitioner is not unlawfully restrained of his liberty and he is, therefore, remanded to the custody of the sheriff of Barry county to serve the remainder of his sentence of six months after allowing the credit for time as herein indicated.
*Bradley*, and *Bailey, JJ.*, concur.